**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **AVCO CORPORATION**,<br><br>*Plaintiff*,<br><br>v.<br><br>**VERONICA SALTZ TURNER**,<br><br>*Defendant*. | **Case No. 2:20-cv-04073-JDW** |

## MEMORANDUM

Avco Corporation wants a preliminary injunction to stop its former outside counsel Veronical Saltz Turner from representing or providing legal assistance to Avco's adversaries in litigation around the country. But at the moment, Ms. Turner is not representing anyone in a case against Avco, or even in a case that could harm Avco's interests. The most that Avco can show is that Ms. Turner already undertook—and completed—such a representation. When she did so, it is possible that she breached a fiduciary duty to Avco, as Avco contends. But the Court cannot do anything about that fact now. Because Avco cannot show a risk of an immediate, irreparable injury, the Court will deny its motion for a preliminary injunction and its motion for expedited discovery.

## I.     FACTUAL AND PROCEDURAL HISTORY

### A.     Ms. Turner's Representation of Avco

Avco makes piston engines for general aviation. Lycoming Engines is an unincorporated operating division of Avco that has a facility in Williamsport, Pennsylvania. From 2005 to mid-2018, Ms. Turner acted as outside counsel for Avco and/or Lycoming Engines (together "Avco") in products liability, intellectual property, employment, and other commercial disputes. Avco alleges that Ms. Turner was its "go-to" regional counsel in Pennsylvania and that she defended

Avco in numerous matters involving alleged engine defects. She also provided legal advice and guidance on matters for which other counsel appeared in court. During the course of her representation, Ms. Turner defended Avco in personal injury and wrongful death lawsuits that the Wolk Law Firm filed. Avco and the Wolk Firm are frequent adversaries. Indeed, Avco estimates that since 2006, the Wolk Firm has sued it at least 18 times. When the Wolk Firm sues Avco, the case often includes allegations of a loss of engine power, and the proper mixture of air and fuel is a frequent issue.

Avco alleges that as its counsel, Ms. Turner was "exposed to all of the various aspects of Avco's design, development and operation of its engines," "provided an in-depth education about the company's quality control and product support systems for identifying and addressing any concerns related to Avco's engines," and "given access to extensive information about the company's trade secrets and other confidential information about all aspects of Avco's engines[.]" (ECF No. 1 at ¶¶ 29-31.) Ms. Turner also worked directly with Avco's experts and strategized how to challenge plaintiffs' experts in various lawsuits.

According to Avco, Ms. Turner's work began to decline in 2016 and 2017. As a result, Avco transferred some of Ms. Turner's matter to different counsel. Eventually, by letter dated November 13, 2017, Ms. Turner terminated her representation of Avco, and by mid-2018, she no longer provided any legal services to Avco.

### B.     The *Torres* Litigation

On May 17, 2015, a private aircraft with an Avco engine crashed outside of Laughlin, Arizona. Three passengers were killed, and the pilot, Robert Torres, was injured. As a result, the Wolk Firm filed actions against Avco in Arizona, California, Delaware, and New Jersey, alleging defects in the turbocharger portion of the engine (the "*Torres*" matters). The action in New Jersey

has been dismissed. On June 18, 2019, the Arizona court dismissed Avco for lack of personal jurisdiction. The plaintiffs have appealed that decision. Meantime, that case is scheduled for trial in January 2021. Avco is still a defendant in the California and Delaware *Torres* matters.

On June 26, 2020, over a year after Avco had been dismissed from the *Torres* case in Arizona, Ms. Turner sought to be admitted in that case *pro hac vice* so that she could present argument on plaintiffs' *Daubert* motions. The plaintiffs sought to exclude one of the defense experts, Randall Knuteson, who opined regarding the turbocharger portion of the aircraft's engine. Avco had in the past retained Mr. Knuteson as an expert to assist with accident investigations and litigation matters. Ms. Turner had "worked extensively" with him while she was still Avco's outside counsel. (ECF No. 1 at ¶ 59.) Upon learning that Ms. Turner sought to appear on behalf of the plaintiffs in the Arizona matter and challenge Mr. Knuteson as an expert, Avco objected to her admission. At the same time, however, Avco acknowledged that the *Daubert* motions did "not involve or appear to implicate Avco …."  (ECF No. 1-6 at 4.) The Arizona court permitted Ms. Turner to represent the *Torres* plaintiffs on a temporary basis. She argued their *Daubert* motions at a hearing on July 1, 2020. On July 21 and 22, 2020, at an evidentiary hearing on those motions, Ms. Turner cross-examined Mr. Knuteson and another defense expert.

### C.      The Present Matter

Given Ms. Turner's participation in the *Torres* Arizona matter, "involving the same or substantially similar issues from her prior representations" of Avco, Avco believes that she "has used or will use confidential, proprietary or privileged information" to support engine defect claims that are materially adverse to Avco in an effort to further develop her relationship with the Wolk Firm. (ECF No. 1 at ¶ 84.) For her part, Ms. Turner declares that she only worked on a discrete assignment in the Arizona *Torres* matter. She did so as an independent contractor for the

3

Wolk Firm, at a time that Avco was not a party to the case. After the evidentiary hearing on July 22, 2020, Ms. Turner's discrete assignment for the Wolk Firm ended, and she does not represent the plaintiffs in that case. Likewise, Ms. Turner is not involved with the *Torres* litigation in California and Delaware. In fact, since she terminated her relationship with Avco in November 2017, she has never represented any plaintiffs who asserted claims against it.

On August 20, 2020, Avco sued Ms. Turner for breach of fiduciary duty and a declaratory judgment, seeking both compensatory damages and injunctive relief. (ECF No. 1.) At the same time, Avco asked this Court to enter a preliminary injunction against Ms. Turner, enjoining her from counseling, advising, representing or providing legal services "to any person or persons materially adverse to Avco in matters in which the plaintiffs allege (a) claims of engine power loss arising from anything affecting the fuel/air mixture, including but not limited to alleged defects in Avco piston engines' ignition systems, magnetos, tappets, valves, exhausts, propeller or crankshaft systems or third-party accessories thereto, or airframe-engine integration, or (b) any other issue substantially related or similar to [Ms.] Turner's past representation of Avco." (ECF No. 2 at ¶ 1.) Avco also seeks the return all information pertaining to Avco and/or its designs or products that Ms. Turner may have or a certification that such material has been destroyed. (*Id.* at ¶ 2.) It has moved for expedited discovery in order to support its injunction request. (ECF No. 3.)

On September 1, 2020, mindful of its obligation to ensure that subject-matter jurisdiction exists, the Court ordered both Parties to address whether 28 U.S.C. § 1332(a) has been satisfied. The Parties have submitted their briefs, and the issues are ripe for disposition.

## II.    LEGAL STANDARD

A plaintiff seeking a preliminary injunction must establish that: (1) it is reasonably likely to prevail in the litigation and (2) it is likely to suffer irreparable injury without relief. *Hope v.*

*Warden York Cty. Prison*, --- F.3d ----, 2020 WL 5001785, at *3 (3d Cir. Aug. 25, 2020). "If these two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [defendants] more than denying relief would harm the plaintiffs and (4) whether granting relief would serve the public interest." *Id.* (quotation omitted). The movant bears the burden of showing that these four factors weigh in favor of granting the injunction. *See Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990). Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances. *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

A district court can rule on a preliminary injunction motion on the papers alone if the facts are not in dispute or when the issues are strictly legal. *See Prof'l Plan Exam'rs of New Jersey, Inc. v. Lefante*, 750 F.2d 282, 288 (3d Cir. 1984); *ASI Bus. Solutions, Inc. v. Otsuka Am. Pharm., Inc.*, 233 F. Supp.3d 432, 438 (E.D. Pa. 2017). A district court "is not obliged to hold a hearing when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175-76 (3d Cir. 1990).

## III.   ANALYSIS

### A.   Subject Matter Jurisdiction

In every case, the Court has "an independent obligation to determine whether subject-matter jurisdiction exist[s]." *Guerra v. Consol. Rail Corp.*, 936 F.3d 124, 131 (3d Cir. 2019) (quotation omitted). As the plaintiff, Avco bears the burden of demonstrating this Court's subject-matter jurisdiction over its claims. *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009). It must show this by a preponderance of the evidence. *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). Avco has satisfied its burden.

In diversity cases such as this one, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Huber v. Taylor*, 532 F.3d 237, 243 (3d Cir. 2008) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). Where a party alleges a breach of a fiduciary duty by its former counsel and is forced to hire new counsel to prosecute such a claim, that party may seek to recover those attorneys' fees and costs as compensatory damages. *See Airgas, Inc. v. Cravath, Swaine & Moore LLP*, No. 10-cv-612, 2010 WL 3046586, at *5-6 (E.D. Pa. Aug. 3, 2010). Avco seeks similar compensatory damages here (ECF No. 1 at 22), and its counsel, subject to Fed. R. Civ. P. 11, has represented that Avco "had incurred fees in excess of $75,000.00" by the time it filed its Complaint in this action. (ECF No. 18 at 4-5.) Given this representation, and the allegations in the Complaint, the Court is satisfied that subject matter jurisdiction exists pursuant to 28 U.S.C. §1332(a).

### B.    Irreparable Injury

A party seeking a preliminary injunction has the burden of making "a 'clear showing of immediate irreparable injury[] or a presently existing actual threat.'" *Talbert v. Corizon Med.*, 605 F. App'x 86, 87 (3d Cir. 2015) (quotation omitted). "This is not an easy burden." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 485 (3d Cir. 2000). "To be imminent, the injury cannot be remote or speculative; it must be poised to occur before the District Court can hold a trial on the merits." *Par Pharm., Inc. v. QuVa Pharma, Inc.*, 764 F. App'x 273, 279 (3d Cir. 2019) (quotation omitted); *see also Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992) ("[A] showing of irreparable harm is insufficient if the harm will occur only in the indefinite future.") (quotation omitted). "A failure to demonstrate irreparable injury must necessarily result in the

denial of a preliminary injunction." *Ace Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 732 (3d Cir. 2009) (citation omitted).

Avco has not demonstrated that Ms. Turner is engaging in any conduct that will cause it an immediate, irreparable injury. Ms. Turner has declared, under penalty of perjury, that she is not working on any cases adverse to Avco. Instead, she worked on a single, discrete assignment that has now concluded in a case in which Avco was no longer a party. Because Avco has no basis to claim that Ms. Turner is working on any matters adverse to it, it cannot satisfy its burden of demonstrating that Ms. Turner will disclose Avco's confidential material to any of Avco's adversaries, let alone that she will do so in one of the *Torres* matters.

Though Avco may have valid concerns about Ms. Turner, "[i]njunctions will not be issued merely to allay the fears and apprehensions or to soothe the anxieties of the parties. Nor will an injunction be issued to restrain one from doing what he is not attempting and does not intend to do." *Campbell Soup*, 977 F.2d at 92 (quotation omitted). It is possible, as Avco suggests, that Ms. Turner's work on the *Torres* case violated an ethical or fiduciary duty to Avco. But that question is for another day. Avco's apprehensions, though understandable, do not establish the immediate irreparable harm needed to support the extraordinary remedy of injunctive relief before a trial on the merits.

Faced with Ms. Turner's declaration, Avco's reply brief shifts its focus and argues that *if* Avco loses the personal jurisdiction appeal in Arizona and *if* the plaintiffs re-animate their California and Delaware claims, then they will "reap the benefits conferred by Turner's work in Arizona." (ECF No. 17 at 5.) There are at least three flaws with this argument. First, Ms. Turner has already disclosed whatever information she was going to disclose in the Arizona *Torres* matter. As the Court has noted before, an injunction "cannot put the toothpaste back in the tube." *Night*

*Vision Devices, Inc. v. Carson Indus., Inc.*, No. 19-cv-04686, 2020 WL 430755, at *2 (E.D. Pa. Jan. 28, 2020); *see also Campbell Soup*, 977 F.2d at 92 ("A threat of disclosure may establish immediate irreparable injury but 'further' disclosure of something already revealed cannot."). Second, the Court cannot enjoin the *Torres* plaintiffs, who are not parties to this matter, from somehow "reaping the benefits" of Ms. Turner's prior work. Third, the argument is speculative, based only on what might happen if Avco loses its appeal in Arizona. That speculation is not enough for Avco to satisfy its burden.

Avco suggests that because only Ms. Turner has information about the work she has done in the *Torres* matters, the Court should permit Avco to take discovery of her. But Avco needs more than worry, or a pleading on information and belief, to justify imposing the burdens of expedited discovery on Ms. Turner.  If Avco had some evidence—not concern or logical leaps, but evidence—that called Ms. Turner's declaration into doubt, then discovery might be appropriate. But as it stands now, Avco has none of that. The Court need not order discovery just to give Avco a chance to ask at a deposition whether Ms. Turner really meant it when she made a statement under oath.

Finally, Avco claims that, even if Ms. Turner is not working on any matters adverse to it, it needs full disclosure of Ms. Turner's involvement in the Arizona matter and the return of any files or information that Ms. Turner has from her representation of Avco. Avco has not demonstrated that it needs a preliminary injunction for either of these purposes. Ms. Turner is no longer working on the Arizona litigation, and Avco is not a party to that case. So there's no immediate harm that requires Ms. Turner to disclose her work on that matter to Avco right now. (Whether there might be in the future is a question for another day.) In addition, because Ms.

8

Turner is not working on any matters adverse to Avco, there is no immediate injury that justifies a preliminary injunction concerning the return of information to Avco.

**IV.      CONCLUSION**

Avco cannot get a preliminary injunction based only on its worries about Ms. Turner. It must show more, and it has not done so. Indeed, the Court does not even see a basis for Avco to seek discovery of Ms. Turner.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

Dated:  September 21, 2020