# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVCO CORPORATION,<br><br>    *Plaintiff*,<br><br>v.<br><br>VERONICA SALTZ TURNER,<br><br>    *Defendant*. | Case No. 2:20-cv-04073-JDW |

## MEMORANDUM

Following a hearing on various discovery motions, the Court asked the Parties for supplemental briefing on questions relating to Avco Corporation's claim for attorneys' fees, with a focus on whether Avco had to present its claim to a jury or could do so in a fee petition and whether Avco waived any privilege applicable to billing records because it put them at issue. The Court writes now to resolve those issues.

**I.    BACKGROUND**

Veronica Saltz Turner used to serve as Avco's outside counsel. At some point after the relationship ended, Ms. Turner performed work for the plaintiffs in a case in Arizona Superior Court captioned *Torres v. Honeywell, Inc.*, Case No. CV2017-007542. Avco was a defendant in that case, but it appears that the Arizona Court had dismissed claims against Avco on personal jurisdiction grounds when Ms. Turner got involved. Her role was limited.

Avco has sued Ms. Turner, claiming her involvement in the *Torres* Action violated her ongoing duties to Avco as its former lawyer. During the pleading phase of this case, the Court directed the Parties to provide supplemental briefs on the Court's subject matter jurisdiction. In response, Avco asserted that its requests for disgorgement of the fees Ms. Turner earned and for

compensatory damages satisfied the amount-in-controversy requirement. Avco provided some authority to suggest that it could recover its attorneys' fees in connection with having to prosecute its breach of fiduciary duty claim against Ms. Turner. Avco also represented that by the time it initiated this litigation, it "had incurred fees in excess of $75,000.00." (ECF No. 18 at 4-5.) In light of this information, and the allegations in the Complaint, the Court determined that it had subject matter jurisdiction over this matter. The case is now in discovery.

Ms. Turner's discovery requests (specifically, Interrogatories Nos. 2-2b and Requests for Production Nos. 2-5) seek information about Avco's damages, including but not limited to the $75,000 in fees that Avco contends it incurred prior to filing its lawsuit and the fees that Avco has incurred in this matter since then. Avco has objected to those requests, in part, by asserting that the requests seek information that is protected by the attorney-client privilege and the work product doctrine. Subject to this objection, Avco has provided Ms. Turner with "a monthly breakdown of hours spent by each attorney along with a high-level description of the task (e.g., drafting motions, internal communications, communications with client etc.) utilizing the American Bar Association's activity and task codes." (ECF No. 60 at 3.)

In her original Motion to Overrule Objections and Compel Responses to Written Discovery Requests (ECF No. 47), Ms. Turner asked the Court to compel Avco to turn over full, unredacted billing statements that reflect any attorneys' fees that Avco seeks to collect as compensatory damages in this case. The Court denied Ms. Turner's motion without prejudice and encouraged the Parties to attempt to resolve the issue among themselves. In the event the Parties could not reach an agreement, the Court ordered them to submit supplemental briefs addressing whether: i) Avco waived any attorney privilege applicable to its attorneys' billing records in this case, given its attempt to collect those fees as part of its damages in this matter, and ii) whether a jury must

determine the amount of attorneys' fees that Avco can recover, or whether Avco can submit a fee petition to the Court, following a favorable ruling as to Ms. Turner's liability. (ECF No. 55.) The Parties submitted supplemental briefs, indicating that they could not resolve this issue without the Court's intervention. Therefore, the Court construes Ms. Turner's brief (ECF No. 59) as a renewed motion to compel discovery responses related to Avco's claims for attorneys' fees.

## II.    STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). A party may file a motion to compel if an adverse party fails to answer interrogatories or fails to produce documents. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). The movant "bears the initial burden of proving the relevance of the requested information." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 415 F. Supp.3d 498, 505 (E.D. Pa. 2019) (quotation omitted). Once that burden is met, however, "the burden shifts to the objecting party to establish the grounds for its objection; where, as here, a party objects on the grounds of attorney-client privilege or work-product protection, the objecting party bears the burden of establishing that the privilege or work-product protection applies." *Id.* When asserting privilege, a party must "describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii); *see also SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 482 (E.D. Pa. 2005).

## III.    ANALYSIS

Avco has claimed attorneys' fees as a form of damages, so the amount and reasonableness of its fees relate to a claim in the case. Neither party argues otherwise. But the question that drives

this dispute is when Avco will present its claim for attorneys' fees. If it will present its claim as part of a presentation to a jury, then Ms. Turner needs discovery about the fees now. On the other hand, if Avco will present its claim in a fee petition only if it prevails at trial, then it need not provide as much information to Ms. Turner now.

Federal law governs the right to a jury trial in federal court, even in diversity-of-citizenship cases. *See Simler v. Conner*, 372 U.S. 221, 222 (1963) (*per curium*). Federal Rule of Civil Procedure 54 requires that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion **unless the substantive law requires those fees to be proved at trial as an element of damages**." Fed. R. Civ. P. 54(d)(2)(A) (emphasis added). Although some Pennsylvania courts have allowed a recovery of attorneys' fees in connection with a breach of fiduciary duty claim, none has squarely addressed whether those fees are an element of damages.

While the Third Circuit has apparently not addressed the issue, other courts have drawn a distinction between attorneys' fees that a court might award "'after the trial on the basis of the judgment entered at the trial'" and attorneys' fees that accrued in a "separate, underlying action against a third party." *J.R. Simplot v. Chevron Pipeline Co.*, 563 F.3d 1102, 1116-17 (10th Cir. 2009) (quoting *Eastern Trading Co. v. Refco, Inc.*, 229 F.3d 617, 627 (7th Cir. 2000)). At the same time, courts distinguish between a dispute about the fact of attorneys' fees, which a jury might have to resolve, and the amount of attorneys' fees, which the Court can decide without violating the Seventh Amendment. *See Vizant Technologies, LLC v. Whitchurch*, No. 15-cv-431, 2016 WL 7042218, at *1 (E.D. Pa. Feb. 1, 2016); *see also McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1315 (2d Cir. 1993); *Kelly Servs., Inc. v. DeSteno*, 760 F. App'x 379, 384-85 (6th Cir. 2019). The Court agrees with these decisions.

The Court notes that practical considerations support this outcome. A rule that requires a party seeking attorneys' fees to present its fees to the jury creates a host of problems in discovery and at trial. In discovery, the disclosure of a party's billing records will almost certainly provide its opponent insight into its legal strategy. In addition, at trial, the party seeking fees would have to justify the reasonableness of its fee request, which would require testimony from, and cross-examination of, trial counsel. It would force the jury to evaluate the reasonableness of the claimant's legal strategy. And it would give the jury insight into the amount that a claimant has spent to pursue its case. All of those developments would be enormously prejudicial, and they would detract from the core issues at trial.

Applying those principles here, the *Torres* Action is a separate, underlying action against a third party. So, if Avco is claiming its attorneys' fees from the *Torres* Action as a result of Ms. Turner's alleged breach of fiduciary duty in that case, then it will have to present a claim for those damages to a jury. To enable all parties to try that issue fairly, Avco must produce all of its billing records from that case. Avco's involvement in the *Torres* Action is over, and if it seeks its attorneys' fees from that action, it has placed the reasonableness of its fees at issue. It therefore must provide the billing statements underlying those fees. *See MAJA Food Tech., Inc. v. Dantech UK, Ltd.*, No. 18-cv-1852, 2019 WL 2504077, at *2 (E.D. Pa. June 13, 2019). Of course, if Avco is not claiming its attorneys' fees from the *Torres* Action, it need only say so in discovery, and then it will not have to produce those billing records. But its decision will be final; the Court will not permit it to reverse course later.

Unlike the *Torres* Action, this case is not a separate, underlying action against a third party. There is no dispute that Avco is incurring attorneys' fees in the case. At some point, the Court will have to resolve the legal question of whether Avco has a right to recover those fees. And, at

5

some point, Avco will have to demonstrate the reasonableness of the fees that it claims. But none of that has to happen now. Instead, as with other cases in which parties seek their fees, Avco will do so after a jury and the Court make liability determinations. At that point, if Ms. Turner objects to some of the fees as unreasonable, the Court can assess what, if any, discovery to allow with respect to the fee petition.

All that said, Avco cannot conceal its attorneys' fees in total. The Court has ordered Avco to provide high level information about its attorneys' fees so that Ms. Turner can understand the economics of her potential liability, both to determine how much to invest in her defense and to assess settlement prospects. Avco appears to be in compliance with that obligation.

## IV. CONCLUSION

Avco will have to seek fees from the *Torres* Action from a jury, and it has to provide discovery concerning that claim. But Avco's claim for attorneys' fees in this case is a matter for the Court after a determination of liability. Avco can therefore continue to provide the high-level information about fees to date for now, and the Court will address other issues in due course. An appropriate Order follows.

**BY THE COURT**:

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

Date: April 30, 2021