IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVCO CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>VERONICA SALTZ TURNER,<br><br>*Defendant*. | Case No. 2:20-cv-04073-JDW |

## ORDER

**AND NOW**, this 23rd day of July, 2021, upon review of Plaintiff Avco Corporation's Motion for Leave to File Confidential and Privileged Testimony and Documents Under Seal in Connection With its Motion for Summary Judgment (ECF No. 76), the Court notes as follows.

1. The common law presumes that the public has a right of access to judicial materials. *See In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). To overcome the common law presumption a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure. *See id.* Under Third Circuit law, a party seeking to file material under seal must make a specific showing, and "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). Avco has not come close to overcoming the strong presumption of public access.

2. As the party asserting attorney-client privilege, Avco "bears the burden of proving the applicability of the privilege." *Matter of Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 126 (3d Cir. 1986). In addition, "claims of attorney-client privilege must be asserted

document by document, rather than as a single, blanket assertion." *United States v. Rockwell Int'l*, 897 F.2d 1255, 1265 (3d Cir. 1990). Avco's blanket assertion of attorney-client privilege falls well-short of its burden. Avco does not identify which exhibits it contends contain attorney-client communications. Nor does it make any attempt to demonstrate that the attorney-client privilege applies. *See United States v. Smukler*, 333 F. Supp. 3d 484, 491 (E.D. Pa. 2018) (quoting *Montgomery Cty. v. MicroVote Corp.*, 175 F.3d 296, 301 (3d Cir. 1999)) (setting forth the various elements necessary to demonstrate that the privilege applies). Such an analysis, which Avco did not undertake, would include whether Avco has waived the attorney-client privilege by putting the contents of those communications at issue in this case. *See N. River Ins. Co. v. Philadelphia Reinsurance Corp.*, 797 F. Supp. 363, 370 (D.N.J. 1992) (explaining that the at-issue doctrine applies "when the party has asserted a claim … that [it] intends to prove by disclosure of an attorney-client communication"). Without demonstrating that any of the exhibits are privileged, Avco has failed to demonstrate that these documents are the type information that courts will protect from public disclosure.

3.  Avco also appears to contend that certain documents should be kept from public disclosure because those documents contain Avco's trade secrets or other confidential business information. However, Avco makes no attempt to identify what specific information it seeks to protect, why that information constitutes a trade secret or confidential business information, or which exhibits contain such information. Nor does Avco articulate what **specific** harm would arise from the disclosure of those documents. Instead, Avco relies on generalized allegations of harm, which are insufficient and fail to overcome the presumption of public access. *See In re Cendant Corp.*, 260 F.3d at 194.

In light of the foregoing, it is **ORDERED** that Avco's Motion for Leave to File Confidential and Privileged Testimony and Documents Under Seal in Connection With Its Motion for Summary Judgment (ECF No. 76) is **DENIED WITHOUT PREJUDICE**. However, before ordering the public disclosure of potentially privileged documents, the Court will give Avco a final opportunity to demonstrate that closure is warranted. Thus, on or before July 28, 2021, Avco may file a renewed Motion to Seal that conforms with the governing standards.

                                              **BY THE COURT:**

                                              */s/ Joshua D. Wolson*
                                              JOSHUA D. WOLSON, J.