## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVCO CORPORATION,<br><br>Plaintiff,<br><br>     v.<br><br>VERONICA SALTZ TURNER,<br><br>Defendant. | **CIVIL ACTION NO. 2:20-cv-04073-JDW**<br><br><br>*ELECTRONICALLY FILED* |

### PLAINTIFF AVCO CORPORATION'S MOTION FOR LEAVE TO FILE CONFIDENTIAL AND PRIVILEGED TESTIMONY AND DOCUMENTS UNDER SEAL IN CONNECTION WITH ITS MOTION FOR SUMMARY JUDGMENT

Plaintiff Avco Corporation ("Avco"), moves pursuant to both Local Rule 5.1.5 and the Confidentiality Order entered in this case (ECF 61) for leave to file portions of deposition testimony and documents cited in its Memorandum of Law in Support of Its Motion for Summary Judgment and the accompanying Statement of Undisputed Material Facts under seal. Specifically, Avco seeks leave to file under seal testimony and documents consisting of or otherwise containing privileged and/or confidential and proprietary information, including, for example, privileged emails exchanged with Defendant during the period that she was Avco's outside counsel. The Confidentiality Order governing this action provides that the party wishing to file such materials must file "a motion seeking leave to file the Designated Material under seal." (ECF 61 at 4.)

Thus, consistent with the Confidentiality Order and Rule 5.1.5, Avco seeks leave from the Court to file the following exhibits to its Statement of Undisputed Material Facts, and any substantive references thereto, under seal the following exhibits: **A-C**, **K-JJ**, **MM-XX**, and **CCC.** As set forth in more detail in the accompany Memorandum of Law, all of these exhibits consist of privileged communications between Defendant and others at Avco or Avco's insurer and/or confidential and sensitive business information. For ease of analysis, Avco has divided these

126428435

communications and documents into two categories for the Court's review: **Category A** consists of documents that are purely attorney-client privileged communications and/or substantive discussion of the same at depositions, and **Category B** consists of attorney-client privileged communications which also include confidential information regarding the design and manufacture of Avco's product—i.e., piston engines—and/or discussion of the same at depositions. Of course, due to the way in which confidential information was sent to Defendant almost all of the Category B documents also fit within Category A. This categorization effort is detailed for the Court on the chart that is attached hereto as **Exhibit 1**.

All of these communications and documents have been produced and are being utilized in this action to establish the fact that Defendant had an attorney-client relationship with Avco and that during the course of that relationship she gained confidential information, including information about Avco's product and business, as well as its experts and litigation strategies, which would be useful to parties adverse to Avco, including the plaintiffs in *Torres* Arizona and the Wolk Firm.

Dated: July 28, 2021                            Respectfully submitted,

                                                **BLANK ROME LLP**

                                                By: *s/ James T. Smith*
                                                    James T. Smith (Pa. Id. No. 39933)
                                                    Rebecca D. Ward (Pa. Id. No. 79547)
                                                    Heidi G. Crikelair (Pa. Id. No. 323898)
                                                    One Logan Square
                                                    130 North 18th Street
                                                    Philadelphia, PA 19103
                                                    Telephone:    (215) 569-5500
                                                    Facsimile:    (215) 569-5555

                                                *Attorneys for Plaintiff Avco Corporation*

126428435

# EXHIBIT 1

**Exhibit 1**

| Exhibit | Document Type | Bates Number/ Deposition Citation | To | From | CC | Subject | Category for Motion to Seal |
|---|---|---|---|---|---|---|---|
| A | Veronica Turner Deposition | | | | | | |
| A-1 | | 60:19-62:9 | | | | Discussing Defendant's representation in the *Dietz* matter. | A |
| A-2 | | 90:22-92:6 | | | | Discussing Exhibit B. | A |
| A-3 | | 93:15-94:25; 95:16-96:4; 97:5-18 | | | | Discussing Exhibit C. | A |
| A-4 | | 82:14-90:21; 114:1-19; 119:7-121:4; 190:1-191:16 | | | | Discussing discovery strategy. | A |
| A-5 | | 124:12-125:5; 126:13-19; 230:1-231:14; 258:6-10; 258:18-259:24; 246:15-247:8; 261:1-25 | | | | Discussing expert witnesses. | A |
| A-6 | | 138:1-144:4 | | | | Discussing Ex. CCC. | A |
| A-7 | | 179:12-181:25; | | | | Discussing Defendant's access to confidential business information and litigation strategy. | A |

**Exhibit 1**

| Exhibit | Document Type | Bates Number/ Deposition Citation | To | From | CC | Subject | Category for Motion to Seal |
|---|---|---|---|---|---|---|---|
| | | 236:3-237:25 | | | | | |
| A-8 | | 193:5-194:15; 195:6-197:6 | | | | Discussing Ex. DD. | A |
| A-9 | | 202:4-204:9; 207:13-213:25 | | | | Discussing Defendant's access to confidential business information. | A |
| A-10 | | 204:10-205:15 | | | | Discussing Ex. GG. | A |
| A-11 | | 205:16-207:12 | | | | Discussing Ex. FF. | A |
| A-12 | | 232:22-236:2 | | | | Discussing Ex. EE. | A |
| A-13 | | 242:1-245:12 | | | | Discussing deposition preparation and strategy. | A |
| A-14 | | 247:9-249:3 | | | | Discussing Ex. HH. | A |
| A-15 | | 249:4-252:11 | | | | Discussing Defendant's involvement in litigation strategy and preparation. | A |
| A-16 | | 252:12-253:25 | | | | Discussing Ex. II. | A |
| A-17 | | 310:1:1-313:25 | | | | Discussing Defendant's work on the *Torres* Arizona matter. | A |
| B | Email with attachment | PAVCO-0023263 | Veronica Saltz | Laura McGinn[1] | Gregory Canfield, Esq. | Haley Retention 673478.ClarkHull | A |

[1] Ms. McGinn is an attorney by training, however, she was included on these communications due to her position as the point of contact at Avco's insurer, Global Aerospace.

**Exhibit 1**

| Exhibit | Document Type | Bates Number/ Deposition Citation | To | From | CC | Subject | Category for Motion to Seal |
|---|---|---|---|---|---|---|---|
| | | | [Turner], Esq. | | | | |
| C | Email with attachment | PAVCO-0013748 | Barbara Stetts[2]; Gregory Canfield, Esq. | Veronica Saltz [Turner], Esq. | Laura McGinn | RE: Estate of Richard Charles Poch, 3/9/15, Piper, N6842W, PA, Global Claim No. 689051 | A |
| K | Barbara Stetts 30(b)(6) Deposition | | | | | | |
| K-1 | | 19:1-20:4 | | | | Discussing Exhibit M | A |
| L | Email | PAVCO-0037389 | Gregory Canfield, Esq. | Barbara Stetts | | Document Check List | A |
| M | Email | PAVCO-0000045 | Barbara Stetts | Veronica Saltz [Turner], Esq. | | RE: Trent | A |
| N | Email with attachments | PAVCO-0016951 | Veronica Saltz [Turner], Esq. | Barbara Stetts | | Haley-Barber v. Lycoming – Drawings and ECO's for 66GP-0SANN & 66GC20SFNN Request 52 | A/B |
| O | Email with attachments | PAVCO-0021614 | Veronica Saltz [Turner], Esq. | Barbara Stetts | | RE: Dietz | A/B |

---

[2] Ms. Stetts was employed as an in-house litigation manager and has a paralegal certificate.

**Exhibit 1**

| Exhibit | Document Type | Bates Number/ Deposition Citation | To | From | CC | Subject | Category for Motion to Seal |
|---|---|---|---|---|---|---|---|
| P | Email with attachments | PAVCO-0016277 | Veronica Saltz [Turner], Esq. | Barbara Stetts | | FW: Met Lab Reports O-320-E2D | A/B |
| Q | Email | PAVCO-0006441 | Veronica Saltz [Turner], Esq. | Barbara Stetts | | RE: Haber Litigation | A |
| R | Email with attachment | PAVCO-0003177 | Al Saltz, Esq.; Veronica Saltz [Turner], Esq. | Barbara Stetts | Julie Duffy, Esq.; Michael Hession, Esq.; Laurie Salita, Esq.; Barbara Stetts | RE: Haber v. Lycoming | A/B |
| S | Email with attachments | PAVCO-0015761 | Veronica Saltz [Turner], Esq. | Barbara Stetts | Gregory Canfield, Esq. | RE: Haley | A/B |
| T | Email with attachments | PAVCO-0030458 | Veronica Saltz [Turner], Esq. | Barbara Stetts | Gregory Canfield, Esq. | RE: MA-4SPA part number "61B26214" | A/B |
| U | Email with attachment | PAVCO-0025457 | Veronica Saltz [Turner], Esq. | Barbara Stetts | | SIRs on model IO-540-AE1A5 (1 of 4 pgs. 1 – 30) | A/B |
| V | Email with attachments | PAVCO-0016527 | Veronica Saltz | Barbara Stetts | | Haley-Barber v. Lycoming – Communication Reports applicable to Slick magnetos Request 54 | A/B |

**Exhibit 1**

| Exhibit | Document Type | Bates Number/ Deposition Citation | To | From | CC | Subject | Category for Motion to Seal |
|---|---|---|---|---|---|---|---|
| | | | [Turner], Esq. | | | | |
| W | Email with attachments | PAVCO-0028094 | Al Saltz, Esq. | Barbara Stetts | Veronica Saltz [Turner], Esq. | Barber/Haley – Certification Package 0-320-E2D | A/B |
| X | Email with attachments | PAVCO-0029962 | Veronica Saltz [Turner], Esq. | Barbara Stetts | Barbara Stetts | Lycoming/Dietz – Cert package IO-360-A3B6D | A/B |
| Y | Email with attachments | PAVCO—0016468 | Veronica Saltz [Turner], Esq. | Barbara Stetts | | Haley-Barver v. Lycoming – Indexes to Engineering Reports (Formal & Comm) Request 55 | A/B |
| Z | Email with attachments | PAVCO-0002977 | Veronica Saltz [Turner], Esq.; Al Saltz, Esq. | Barbara Stetts | | Haber reports (2 of 2) | A/B |
| AA | Email with attachment | PAVCO-0005078 | Al Saltz, Esq. | Barbara Stetts | Michael Hession, Esq.; Veronica Saltz [Turner], Esq. | RE: SCRT Report sent – Haber/Jacbonson/Trent matters | A/B |
| BB | Email with attachment | PAVCO-0025986 | Veronica Saltz [Turner], Esq.; Catherine Slavin, Esq. | Barbara Stetts | | Haber – Discovery Directed at AVCO | A/B |

**Exhibit 1**

| Exhibit | Document Type | Bates Number/ Deposition Citation | To | From | CC | Subject | Category for Motion to Seal |
|---|---|---|---|---|---|---|---|
| CC | Email | PAVCO-0000261 | Barbara Stetts; Catherine Slavin, Esq. | Veronica Saltz [Turner], Esq. | | RE: Haber – Discovery directed to AVCO | A/B |
| DD | Email | PAVCO-0000045 | Barbara Stetts | Veronica Saltz [Turner], Esq. | | RE: Trent | A |
| EE | Email | PAVCO-0010244 | Barbara Stetts | Veronica Saltz [Turner], Esq. | | RE: Avco v. Precision – Trademark litigation | A |
| FF | Email | PAVCO-0013646 | Barbara Stetts | Veronica Saltz [Turner], Esq. | | RE: Barber-Haley-Material Review Board – SLP 13-002 | A |
| GG | Email | PAVCO-0012319 | Barbara Stetts | Veronica Saltz [Turner], Esq. | | RE: Barber-Haley v. Lycoming, 6/21/13, N9926Q, 4(F) ME, Cessna 172 | A |
| HH | Email | PAVCO-0019242 | Gregory Canfield, Esq. | Veronica Saltz [Turner], Esq. | Laura McGinn; Barbara Stetts; Wendy Barragree, Esq. | Re: Haley Claim No. 673478 | A |
| II | Email | PAVCO-0015949 | Veronica Saltz [Turner], Esq. | Gregory Canfield, Esq. | Julie Duffy, Esq. | Re: Haley | A |

6

**Exhibit 1**

| Exhibit | Document Type | Bates Number/ Deposition Citation | To | From | CC | Subject | Category for Motion to Seal |
|---|---|---|---|---|---|---|---|
| JJ | Email with attachment | PAVCO-0013779 | Lycoming Security | Barbara Stetts | Gregory Canfield, Esq. | Legal Dept – Visitor (no escort req) | B |
| MM | Email | PAVCO-0036830 | Veronica Saltz [Turner], Esq. | Daniel Haws, Esq. | John Paul Gatto, Esq.; Jonathan Klein, Esq. | RE: Dietz v. Lycoming | A |
| NN | Email | PAVCO-0019440 | Gregory Canfield, Esq.; Laura McGinn | Veronica Saltz [Turner, Esq. |  | Dietz Claim No. 681547 | A |
| OO | Email | PAVCO-0019343 | Veronica Saltz [Turner], Esq.; Laura McGinn | Gregory Canfield, Esq. |  | Re: Haley, Claim No. 673478 | A |
| PP | Email with attachment | PAVCO-0019633 | Gregory Canfield, Esq.; Laura McGinn | Veronica Saltz [Turner], Esq. | Barbara Stetts; Wendy Barragree, Esq. | Lycoming/Haley Claim No. 6733478 | A |
| QQ | Email | PAVCO-0019837 | Gregory Canfield, Esq.; Laura McGinn | Veronica Saltz [Turner], Esq. |  | Haley Claim No. 673478 | A |
| RR | Email | PAVCO-0019898 | Gregory Canfield, | Veronica Saltz | Barbara Stetts | Haley Claim No 673478 | A |

**Exhibit 1**

| Exhibit | Document Type | Bates Number/ Deposition Citation | To | From | CC | Subject | Category for Motion to Seal |
|---|---|---|---|---|---|---|---|
| | | | Esq.; Laura McGinn | [Turner], Esq. | | | |
| SS | Email | PAVCO-0023666 | Daniel Haws, Esq.; Gregory Canfield | Veronica Saltz [Turner], Esq. | John Paul Gatto, Esq.; Jonathan Klein, Esq. | RE: RRK Draft Report for perusal | A |
| TT | Email | PAVCO-0016005 | Gregory Canfield, Esq.; Laura McGinn | Veronica Saltz [Turner] | Julie Duffy, Esq. | Haley Claim No. 673478 NEW DEVELOPMENTS | A |
| UU | Email | PAVCO-0019619 | Gregory Canfield, Esq.; Laura McGinn | Veronica Saltz [Turner], Esq. | Barbara Stetts | Haley Claim No. 673478 – List of Plaintiff's experts | A |
| VV | Email | PAVCO-0019883 | Laura McGinn; Gregory Canfield, Esq. | Veronica Saltz [Turner], Esq. | Barbara Stetts | RE: Haley Claim No. 673478 | A |
| WW | Email with attachment | PAVCO-0023282 | Gregory Canfield, Esq.; Laura McGinn | Veronica Saltz [Turner], Esq. | | Dietz – Claim No. 681647 | A |

**Exhibit 1**

| Exhibit | Document Type | Bates Number/ Deposition Citation | To | From | CC | Subject | Category for Motion to Seal |
|---|---|---|---|---|---|---|---|
| XX | Email with attachment | PAVCO-0032304 | Gregory Canfield, Esq.; Laura McGinn | Veronica Saltz [Turner], Esq. | Julie Duffy, Esq. | Haley Claim No. 673478 | A |
| CCC | Email with attachment | PAVCO-0022383 | Gregory Canfield, Esq. | Veronica Saltz [Turner], Esq. | | Wolk Firm Request | A |

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVCO CORPORATION,<br><br>Plaintiff,<br><br>    v.<br><br>VERONICA SALTZ TURNER,<br><br>Defendant. | **CIVIL ACTION NO. 2:20-cv-04073-JDW**<br><br><br>*ELECTRONICALLY FILED* |

### PLAINTIFF AVCO CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE CONFIDENTIAL AND PRIVILEGED TESTIMONY AND DOCUMENTS UNDER SEAL IN CONNECTION WITH ITS <u>MOTION FOR SUMMARY JUDGMENT</u>

Avco seeks through this Motion to protect certain confidential and proprietary information regarding its design, manufacture, and sale of piston engines contained within deposition testimony in this action and within certain documents produced in this action from public disclosure and dissemination. Furthermore, Avco seeks to ensure that there is no inadvertent wavier with respect to privileged communications involving the Defendant who served as its outside counsel for more than a decade. This latter risk is especially grave given the unique issues surrounding the attorney-client privilege posed by this case, which, as the Court is aware, centers on Avco's claim that Defendant has breached her fiduciary duty. This Motion is narrowly tailored to these goals.

### <u>ARGUMENT</u>

Pennsylvania law is clear that while there is a presumption that the public has a right of access to judicial records, sealing of certain information or documents is appropriate when the moving party demonstrates "good cause." *See In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.2d 662, 672 (3d. Cir 2019); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d.

Cir. 1994). When determining if a party has shown good cause for sealing, courts in Pennsylvania consider several factors, including, but not limited to: (1) whether disclosure would violate any privacy interest; (2) whether disclosure would cause a party embarrassment; (3) whether confidentiality is sought over information that is important to public health and safety; (4) whether a party benefiting from the confidentiality order is a public entity or official; and (5) whether the case involves issues that are important to the public. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

Here, Avco contends that it should not be required to risk waiver of the attorney-client privilege or harm to its interests or business in order to ensure that its fiduciary adheres to her obligations. Avco further posits that there is no public interest in any of the issues that would be potentially protected. To the contrary, competing interests of maintaining public access and protecting the attorney-client privilege weigh in favor of granting Avco's Motion.

### A.     Documents Avco Seeks to File Under Seal Contain Attorney-Client Communications: Category A Documents

Pennsylvania law is clear that the attorney-client privilege is an absolute privilege subject to few exceptions, such as waiver.[1] *Mine Safety Appliances Co. v. North River Ins. Co.*, 73 F. Supp. 3d 544, 571 (W.D. Pa. 2014); *see also Haines v. Liggett Group, Inc.*, 975 F.2d 81, 90 (3d Cir. 1992) (explaining that the attorney-client privilege is "worthy of maximum legal protection"). The attorney-client privilege applies where: (1) the holder of the privilege is a client; (2) the person to whom the communication was made is a member of the bar; (3) the communication was confidentially made for the purpose of legal advice or services; and (4) the privilege has been

---

[1] For the avoidance of doubt, Avco has not waived nor does it intend to waive any applicable privilege in connection with this action.

126428435

claimed and not waived by the client. *See United States v, Smukler*, 333 F. Supp. 3d 484, 490-91 (E.D. Pa. 2018); *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 862 (3d Cir. 1994).

As Avco has previously explained, under *Maritrans GP, Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1284 (Pa. 1992) and its progeny, Avco's claim for breach of fiduciary duty against its former counsel does **not** place the substance of Defendant's privileged communications and work product in connection with her prior representations of Avco "at issue" in this case.  Attorney-client communications are placed "at issue" when the former client's claim is predicated on the *substance* of the communication. *Cottillion v. United Ref. Co.*, 279 F.R.D. 290, 298 (W.D. Pa. 2011) ("The most common example of this type of waiver is when a client files a malpractice action against the lawyer or asserts reliance on the advice of counsel as an affirmative defense."). In order to waive the privilege, the client must take an affirmative step to place counsel's advice at issue. *See Rhone*, 32 F.3d at 863. Even where the substance of the advice is *relevant* to the underlying action, it does not necessarily follow that the advice itself is placed "at issue." *Id.* ("Advice is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant manner.")

Here, Avco's claim for breach of fiduciary duty is in no way *based on* the substance of Defendant's advice or representation. Indeed, if Defendant had not taken the unexpected position in this case that she did not represent Avco and unexpectedly sought to minimize her role as outside counsel by stating, among other things, that she merely reviewed expert reports for "typographical errors," these communications may not have been utilized at all in this case.  However, because Defendant has taken these and other similar positions these communications are being utilized to show the existence of an attorney-client relationship and to demonstrate that Defendant actively

126428435

participated in strategy with respect to experts and worked closely with Avco's experts including Mr. Knuteson whom she cross-examined in *Torres* Arizona. But Avco has not and does not claim that Defendant's breach is a result of the advice she gave or services she provided. If a former attorney accused of breaching their fiduciary obligations by a former client could argue the enforcement action itself rendered all privileged communications and work product unprotected as to the rest of the world, there would be no way for a former client to ever enforce an attorney's continuing obligations of confidentiality.

Each exhibit which Avco maintains should be filed under seal on the basis of the attorney-client privilege is listed in **Exhibit 1** to the Motion and identified as **Category A**.[2] For reference, over the more than 12-year period that Defendant served as Avco's outside counsel, the in-house legal team included the following individuals: a litigation manager and paralegal, Ms. Barbara Stetts, and numerous attorneys, i.e., Mr. Greg Canfield, Esq., Ms. Julie Duffy, Esq., and Michael Hession, Esq. In addition, over the years, other outside counsel and/or attorneys who worked with Defendant at her various law firms were also included on Defendant's communications with Avco. These individuals included: Al Saltz, Esq., Laurie Salita, Esq., Catherine Slavin, Esq., Wendy Barragree, Esq., Daniel Haws, Esq., John Paul Gatto, Esq., and Jonathan Klein, Esq. Finally, from time to time, Ms. Laura McGinn, an employee of Avco's insurer, Global Aerospace, was also included on communications within **Category A**. With respect to communications involving Ms. McGinn, Avco observes that the law is clear that the mere "[p]resence of a third-party . . . .does

---

[2] All of the documents identified in **Exhibit 1** were attached to the Declaration of Heidi G. Crikelair, Esq. in Support of Plaintiff's Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment (the "Crikelair Declaration") (ECF 77-3) and are identified by the exhibit label referenced in the Crikelair Declaration. Redacted copies of the same were filed with the Court and unredacted copies were provided via a sharefile. In the interest of efficiency, the documents are not being refiled in connection with the instant filing, but additional copies can be made available promptly upon request.

not destroy the attorney-client privilege where that party is the client's agent or possesses 'a commonality of interest with the client.'" *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 476-77 (E.D. Pa. 2005) (quoting *In re Grand Jury Investigation,* 918 F.2d 374, 386 n. 20 (3d Cir.1990)). Here, the commonality of interest between Avco and its insurer is plain.

All of the emails listed in **Category A**, with the exception of Exhibit L which is discussed in more detail below, concern or relate to litigation preparation and strategy between Defendant and one or more of these individuals. In an effort to assist the Court, Avco is providing below some general descriptions of the documents in **Category A.** Critically, these descriptions are being provided to support the claim of privilege in the same way that general descriptions are provided in a privilege log and are not intended to and should not be deemed to constitute a waiver of privilege. *See, e.g.*, *SmithKline*, 232 F.R.D at 475; *McCrink v. Peoples Benefit Life Ins. Co.*, No. CIV.A.2:04CV01068LDD, 2004 WL 2743420, at *7 (E.D. Pa. Nov. 29, 2004) ("If a privilege log is submitted, it should identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure.") (internal quotation and citation omitted).

In Exhibits B, M, N, O, P, Q, R, S, T, U, V, W, X, Y, Z, AA, DD, EE, FF, GG, HH, II, and XX, and CCC Defendant receives information from the in-house legal team and/or provides legal advice with respect to discovery responses or other aspects of litigation strategy. In some of these exhibits, e.g., Exhibits M and Q, Defendant explicitly requests that certain documents be sent to her in connection with pending matters. In others, e.g., Exhibits HH, II and CCC, she discusses the strength of opposing parties' theories, settlement considerations, and trial strategies. In Exhibit B, she receives a retention letter in connection with a pending litigation. In XX, Defendant provides a litigation budget estimate along with a detailed analysis of a pending litigation. In Exhibit L,

126428435

which is an outlier in Category A in the sense that Defendant is not copied on the message, Ms. Stetts discusses with in-house counsel, Mr. Greg Canfield, Esq., a global approach to organizing litigation matters within the company. Many of these communications were also referenced, read aloud from, and substantively discussed in the deposition transcripts of Defendant and Avco's corporate designee. Specifically, these confidential exhibits are discussed in Defendant's deposition at designations A-1, A-2, and A-6 through A-17 and in Avco's corporate designee's deposition in designation K-1.

**Category A** also includes communications in which Defendant discusses her involvement with Avco's expert witnesses and discusses strategy with respect to their reports given facts in a given case and/or arguments made by plaintiffs' experts. For example, in Exhibits MM-WW, Defendant provided advice and counsel to Avco regarding which experts should be disclosed, assessed the relative strength of Avco's and opposing parties' experts, and outlined detailed plans for approaches to evidence in particular pending products liability cases. Defendant discussed these documents and her role with respect to Avco's witnesses at A-5.

Finally, in Exhibits BB and CC Defendant requests copies of discovery materials and advises the in-house legal team regarding what information should be redacted from the same. And in Exhibit C, Defendant provides in-house counsel with advice regarding a response to a subpoena and attaches a draft letter to opposing counsel. Defendant testified regarding her involvement in the discovery process on behalf of Avco at A-3 and A-4.

Put simply, all of the exhibits in **Category A** plainly contain communications made during the course of Defendant's representation of Avco and are made for the purpose of rendering legal advice. In these documents, Defendant prepares for litigation, advises her client, and opines on various strategy considerations. Critically, as set forth in more detail *supra*, none of this advice

itself is at issue in the pending dispute. Rather, Avco seeks through the pending action to protect from disclosure or dissemination these and other similar communications. As privileged communications with counsel, the substance of which is not at issue in this case, all of the exhibits in **Category A** should be protected from public disclosure and filed under seal. It would be a perverse and absurd result for an action seeking to protect these documents from disclosure to result in the public dissemination of the same.

   **B.    Documents Avco Seeks to File Under Seal Contain Confidential and Proprietary Business Information: Category B Documents**

   Avco also seeks to seal numerous exhibits on the basis that in addition to being communications between and among Defendant and members of Avco's legal team, contain Avco's trade secrets or confidential business information.[3] The law is well settled that documents containing trade secrets or other confidential business information may be protected from disclosure even where that information is, in fact, key to resolving the claims and defenses asserted in any given suit. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993). The court's files should not serve as a "source[] of business information that might harm a litigant's competitive standing[,]" and the presence of trade secrets in court records weighs against the right of access. *See id.* (internal quotation and citation omitted); *see also Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 890 (E.D. Pa. 1981).

   Confidential business information is a broad term, including "a wide variety of manufacturing and task performance documents." *Miles v. Boeing Co.*, 154 F.R.D. 112, 114 (E.D. Pa. 1994). Confidential business information includes records that reflect a party's competitiveness in the market or documents reflecting internal process. *See id*; *Ebert v. C.R. Bard, Inc.*, No. CV

---

   [3] Only Exhibit JJ, which is a communication between Ms. Stetts and Mr. Canfield, Esq. is found only in Category B. All other Category B documents are also listed within Category A.

126428435

12-01253, 2020 WL 429771, at *2 (E.D. Pa. Jan. 28, 2020).  Further, a party seeking to protect confidential business information can demonstrate potential harm from the disclosure of the documents where "they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d. Cir. 1988)).

In determining whether good cause exists, courts "must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." *Pansy* 23 F.3d at 787 (internal quotation and citation omitted). Critically*,* the destruction of the attorney-client privilege or the disclosure of legal advice or strategic counsel provided by an attorney is a clearly defined and serious injury, constituting good cause. *See, e.g., Maritrans*, 602 A.2d at 1286-87.   In addition, Courts routinely protect against the dissemination of testimony regarding confidential or sensitive issues to the outside world.  *See, e.g.*, *Bradburn Parent/Tchr. Store, Inc. v. 3M*, No. CIV.A. 02-7676, 2004 WL 1146665, at *1-2 (E.D. Pa. May 19, 2004) (protecting testimony and exhibits regarding among other things a company's "strategic plans" and "financial projections" and "market share analyses" which could "clearly cause competitive harm . . . by giving competitors an understanding of [the company's] view of the marketplace as well as [its] competitiveness within the marketplace"); *Clarke v. Mellon Bank, N.A.*, No. CIV. A. 92-CV-4823, 1993 WL 54435, at *3 (E.D. Pa. Mar. 1, 1993) (explaining the protective order in place governs, among other things, "deposition and other testimony").

All of the exhibits which Avco seeks to seal on the basis that they are both privileged and also plainly contain confidential business information are listed in **Exhibit 1** and identified as **Category B**. The documents in **Category B** were produced and are being utilized in this case to demonstrate that Defendant was provided with confidential information by her former client, Avco, during the course of their attorney-client relationship.   Critically, this is a fact which

8

Defendant has repeatedly and inexplicably denied. Further, these exhibits have been produced and utilized to demonstrate that Defendant's relationship with Avco provided her with confidential information that could be useful to her in connection with *Torres* Arizona and other products liability matters involving piston engines designed or manufactured by Avco. In other words, the existence of these documents establishes that Defendant's work on behalf of Avco is substantially related to the work that Avco argues Defendant undertook in breach of her fiduciary duty. Importantly, this matter is not a products liability case: there is no dispute about Avco's manufacturing or business practices. These documents are provided for the sole purpose of demonstrating that Defendant had access to Avco's confidential information during the course of her representation and then, after terminating her relationship with Avco, worked with the Wolk firm against Avco in a matter *nearly identical* to those she had worked on while representing Avco.

In addition to being privileged in light of the fact that they are communications between and among, and reflect the thought processes of, Defendant and members of the in-house legal team, these exhibits should be sealed as confidential business records. Among other things, these documents detail the use of specific Avco engines, blueprints of Avco's designs, internal service records, internal investigation reports, incident reports, testing records, purchase order information, and office access information. This information clearly constitutes confidential business information, as it goes directly to the heart of Avco's business, both in how it manufactures engines and how it manages its business. These documents and the business information they contain are particularly sensitive in the competitive aviation market. Specifically, Exhibits N-P, R-CC, and JJ include confidential business information that, if disclosed, would seriously compromise Avco's competitive standing in an especially technical and specialized market. Specific, detailed information about each exhibit within **Category B** and the reason that

the information therein is confidential is provided on the accompanying declaration of Michael Kraft (the "Kraft Decl.").  In addition, Mr. Kraft explains that Avco takes various steps to preserve and protect this information from disclosure including ensuring that protective orders are in place in litigations where the information might be responsive to discovery requests and maintaining internal policies restricting access, use and dissemination of the same. (Kraft Decl. at ¶¶ 20-21.) Indeed, Defendant has conceded in this action that protective orders were routinely implemented in all cases.[4]

Here, too, as noted above, dissemination of confidential business information would be a particularly perverse result in the context of a case in which Avco seeks to safeguard its confidential information from misuse by its former counsel.  Good cause exists to seal the exhibits that contain Avco's confidential business information. Disclosure of these documents would violate Avco's interest in keeping its business records private, a particularly troublesome outcome where the underlying dispute seeks to protect this information from being publicly disseminated. Public disclosure of these confidential business records would competitively harm Avco, as the documents would reveal to competitors and the public Avco's business strategies, priorities, practices, and technical product information. It would not only publish Avco's actual blueprints for manufacturing engines, but it would also expose Avco's internal processes, testing methods, and strategic business decisions. The disclosure of this information would inevitably harm Avco's competitive position in the market by allowing its competitors access to information that amounts to a roadmap of Avco's business.

---

[4] *See, e.g.*, Exhibit A to the Crikelair Declaration at 121:5-122:13.

C.       **There is No Public Interest in the Information Avco Seeks to Protect**

The interest in public disclosure is compelling where the party benefiting from an order of confidentiality is a public entity or official or when the records involve matters of legitimate public concern. *See LEAP Systems, Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 222 (3d Cir. 2011). Here, neither party is a public entity or official, nor is the information which Avco would seek to designate as confidential of public importance or interest. *See id.* at 222-23. To the contrary, a client's relationship with an attorney is inherently personal: "There are few of the business relations of life involving a higher trust and confidence than that of attorney and client . . . ." *Stockton v. Ford*, 52 U.S. 232, 247 (1850); *see also Billy v. Peiper*, No. 1:11-CV-1577, 2013 WL 4083657, at *6 (M.D. Pa. Aug. 13, 2013) (explaining that "one of the highest duties of an attorney is to maintain a client's confidences that are disclosed in the context of the attorney-client relationship").

Here, Avco is **not** seeking the wholesale sealing of its Motion for Summary Judgment or its Statement of Undisputed Material Facts or any of the exhibits thereto. To the contrary, Avco has taken pains to redact only information which would not appear on a privilege log and to refrain from redacting deposition testimony or related exhibits where there are no clear issues of privilege or disclosure of confidential information. Thus, Avco seeks to seal only certain select portions of deposition testimony as well as certain documents, including numerous emails with Defendant regarding trial strategy and advice regarding products liability disputes.  This testimony and these documents plainly contain either confidential and/or attorney-client privileged information pertaining to Avco's business and to Avco's relationship with its outside counsel.

To require Avco to potentially waive its privilege in order to utilize these portions of the deposition transcripts and/or privileged and confidential documents in support of its Motion for Summary Judgment in connection with its effort to enforce its former attorney's fiduciary

11

obligations would defeat the entire purpose of Avco seeking to enforce Defendant's fiduciary obligations. Indeed, such a result would have negative implications for the judicial system as a whole, which functions in part because clients believe that their counsel owe them certain enforceable fiduciary obligations.  There is simply no public interest in this case that offsets the overwhelming interest that Avco has in preventing disclosure of the same.

## **CONCLUSION**

For all of the foregoing reasons, Avco respectfully requests that the Court grant the instant Motion.

Dated: July 28, 2021                      Respectfully submitted,

                                          **BLANK ROME LLP**

                                          By: *s/ James T. Smith*
                                              James T. Smith (Pa. Id. No. 39933)
                                              Rebecca D. Ward (Pa. Id. No. 79547)
                                              Heidi G. Crikelair (Pa. Id. No. 323898)
                                              One Logan Square
                                              130 North 18th Street
                                              Philadelphia, PA 19103
                                              Telephone:     (215) 569-5500
                                              Facsimile:     (215) 569-5555

                                          *Attorneys for Plaintiff Avco Corporation*

12

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion for Leave to File Under Seal has been served upon counsel for Defendant via the Court's ECF system.


*s/ James T. Smith* _____

126428435

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AVCO CORPORATION, | |
| Plaintiff, | **CIVIL ACTION NO. 2:20-cv-04073-JDW** |
| v. | |
| VERONICA SALTZ TURNER, | |
| Defendant. | *ELECTRONICALLY FILED* |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE UNDER SEAL**

AND NOW, this _____ day of _____, 2021, upon consideration of Plaintiff's

Motion for Leave to File Under Seal, it is hereby ORDERED that the Motion is GRANTED.

Plaintiff is hereby permitted to file the following exhibits to its Statement of Undisputed Material

Facts, and any substantive references thereto, under seal: **A-C, K-JJ, MM-XX,** and **CCC**.

_____
Hon. Joshua D. Wolson
United States District Judge

126428435