UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVCO CORPORATION,<br><br>                                  Plaintiff<br><br>v.<br><br>VERONICA SALTZ TURNER,<br><br>                                  Defendant. | CIVIL ACTION NO. 2:20-cv-04073<br><br>*ELECTRONICALLY FILED* |

## DECLARATION OF MICHAEL KRAFT

I, Michael Kraft, declare as follows:

1. I am over 18 years of age and competent to make this declaration, and I make this declaration in support of Plaintiff Avco Corporation's Motion to Seal based on my personal knowledge of the facts and my review of relevant pleadings as set forth herein.

2. I have reviewed **Exhibit 1** to Avco's Motion to Seal and have reviewed and am familiar with the documents identified therein.

3. All of the documents within **Category B** on Exhibit 1 contain Avco's confidential business information and trade secrets. I identify the specific information attached to each Category B document below.

4. **Exhibit N** is an email to Veronica Saltz Turner, Esq. ("Defendant") from Barbara Stetts ("Ms. Stetts") who for a number of years worked with in-house and outside counsel in connection with the management of products liability matters. In this email Ms. Stetts attaches blueprint drawings of Avco's engine design and engineering change orders. This information is confidential and sensitive as it lays out the design of Avco's engine, materials used, and the engine's service history.

5.     **Exhibit O** is an email to Defendant from Ms. Stetts attaching engineering change orders. This information is confidential and sensitive as it details the materials used in Avco's engine and its service history.

6.     **Exhibit P** is an email to Defendant from Ms. Stetts attaching investigative laboratory reports. This information is confidential and sensitive as it details materials Avco's internal investigation process, conclusions, and related data about its engines.

7.     **Exhibit R** is an email to Defendant and Al Saltz, Esq., an attorney who worked with Defendant for a number of years, from Ms. Stetts attaching a preliminary accident report and related inspection and service records. This information is confidential and sensitive as it details Avco's internal investigation process and the related inspection and service records related to its engines.

8.     **Exhibit S** is an email to Defendant from Ms. Stetts attaching engine service records. This information is confidential and sensitive as it details the engine inspection process, orders for materials and service, and maintenance records.

9.     **Exhibit T** is an email to Defendant from Ms. Stetts attaching service records. The service records were produced natively, however, I have reviewed the native versions and attest that these service records are confidential and sensitive and provide detailed information regarding Avco's engine inspection and maintenance process.[1]

10.     **Exhibit U** is an email to Defendant from Ms. Stetts attaching internal complaint records. This information is confidential and sensitive as it details Avco's engine inspection and maintenance process.

---

[1] I have been informed that due to their volume native versions have not been provided to the Court at this time but that native versions can promptly be made available for the Court's inspection upon request.

11. **Exhibit V** is an email to Defendant from Ms. Stetts attaching communication reports detailing internal testing. This information is confidential and sensitive as it details Avco's testing and maintenance process.

12. **Exhibit W** is an email to Al Saltz, Esq. and Defendant from Ms. Stetts attaching detailed specification for Avco engines and testing records. This information is confidential and sensitive as it details the design of Avco's engine, testing information, and materials used.

13. **Exhibit X** is an email to Defendant from Laura McGinn, a representative of Avco's insurer, Global Aerospace, attaching Defendant's retention letter for legal services. This information is confidential and sensitive as it details Avco's relationship with outside counsel as well as litigation strategy.

14. **Exhibit Y** is an email to Defendant from Ms. Stetts attaching a searchable formal reports index and a searchable communication reports index. The attachments to this email were produced natively; however, I have reviewed the native versions and attest that these reports are confidential and sensitive and provide detailed information regarding internal testing and testing records.

15. **Exhibit Z** is an email to Defendant from Ms. Stetts attaching an internal vibration study. This information is confidential and sensitive as it details Avco's internal testing processes and data related to its engines.

16. **Exhibit AA** is an email to Al Saltz, Esq. and Defendant from Ms. Stetts attaching a certification review report. This information is confidential and sensitive as it details Avco's service processes, engine designs, and testing processes.

17. **Exhibit BB** is an email to Defendant from Ms. Stetts attaching purchase order documents. The attachments to this email were produced natively; however, I have reviewed the

3

native versions and attest that these documents are confidential and sensitive and provide detailed information regarding purchase orders include specific supplier and purchase information.

18. **Exhibit CC** is an email to Ms. Stetts and Catherine Slavin, Esq., another attorney who represents Avco, from Defendant responding to the documents attached in **Exhibit BB** and discussing and providing legal advice regarding the information contained therein.

19. **Exhibit JJ** is an email to Lycoming Security from Ms. Stetts attaching a visitor form authorizing Defendant to visit Lycoming's offices. This information is confidential and sensitive as it is an internal document that is used for security, and could be replicated if made public.

20. Avco takes steps to ensure the confidentiality of all of the files and records detailed above including, without limitation, internal policies designed to restrict access, use and dissemination. In addition, to ensure that to the extent documents are utilized in litigation there are appropriate protective orders in place to safeguard against misuse. Furthermore, if information is provided to government regulators it is Avco's practice to request confidentiality under FOIA in order to minimize any risk that documents about how its piston engine are manufactured, tested, serviced or inspected are provided to competitors or others with interests adverse to Avco.

21. Avco takes these steps to prevent public disclosure of these and similar documents because such disclosure would create a competitive harm to Avco: Avco has developed these designs and processes, and related documents, over a number of years and at significant cost. Public disclosure would permit Avco's competitors to have access to otherwise confidential information that they would then be able to use, without being required to invest their own time and monies in developing the same. It would also enable litigants to effectively do an end run around discovery within pending and future products liability litigations and provide parties

adverse to Avco with access to information that would otherwise only be available pursuant to protective orders.

I declare under penalty of perjury that the foregoing is true and correct.

    Executed on July 28, 2021.

                                                MICHAEL J KRAFT