# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **AVCO CORPORATION**, | : | Case No. 2:20-cv-04073-JDW |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| **VERONICA SALTZ TURNER**, | : | |
| | : | |
| *Defendant.* | : | |
| | : | |

## <u>MEMORANDUM</u>

Avco Corp. sued its former lawyer, Veronica Turner, claiming that she breached her fiduciary duty to Avco. To prove that point, Avco relies on dozens of documents and on deposition testimony that disclose communications between Avco and Ms. Turner. Avco now asks the Court to seal those communications. Some of the documents contain confidential business information, and Avco has shown that the disclosure of that information would cause it competitive harm. Other documents contain privileged communications between Avco and Ms. Turner. Because Avco has elected to use those communications to prove an element of its claim against Ms. Turner, it has placed them at issue and waived any privilege that applied. Although the Court is sensitive to the sanctity of the attorney-client privilege, Avco made the choice to put those communications at issue. The Court will therefore only grant Avco's Motion to Seal in part.

I.     BACKGROUND

Avco claims that Ms. Turner breached her fiduciary duty to Avco, her former client, by using confidential information she obtained while representing Avco. On July 21, 2021, Avco filed a summary judgment motion. At the same time, it filed a motion for leave to file under seal several exhibits to its summary judgment motion. The Court denied the motion to seal without prejudice, noting that "Avco's blanket assertion of attorney-client privilege falls well-short of its burden," and that "Avco relies on generalized allegations of harm, which are insufficient and fail to overcome the presumption of public access [to non-privileged information]." (ECF No. 80 at 2.) The Court gave Avco a "final opportunity to demonstrate that closure is warranted." (*Id.* at 3.)

Avco filed a renewed Motion to Seal on July 28, 2021. The renewed Motion identifies 42 exhibits Avco seeks to file under seal. It groups these exhibits into two categories: **Category A**, which consists of documents that are "purely attorney-client privileged communications" or discussions of those communications at depositions; and **Category B**, which consists of privileged communications that also include confidential business information and documents. (*Id.* at 2.)

II.    LEGAL STANDARD

The common law presumes that the public has a right of access to judicial materials. *See In re Avandia Marketing, Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). To overcome the common law presumption, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect **and** that disclosure will work

a clearly defined and serious injury to the party seeking closure. *See id.* A party

seeking to file material under seal must make a specific showing. "Broad allegations

of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re*

*Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The Court must conduct a "document-

by-document review" of the documents the party wishes to seal. *Id.*

As the Court recently noted, this "arduous standard reflects the importance of

the public's right to access public records, including those that are part of judicial

proceedings." *Midwest Athletics & Sports Alliance LLC v. Ricoh USA, Inc.*, Case No. 2:19-

cv-00514-JDW, 2021 WL 915721, at *1 (E.D. Pa. Mar. 10, 2021). The need for public

access of judicial records is not a benefit to the parties, and the parties cannot stipulate

it away. At the same time, because the parties have no independent incentive to

protect the right of public access, the Court cannot rely on an adversarial system to

vindicate the public's right of access. Instead, like questions about subject matter

jurisdiction, courts have an independent obligation to ensure that parties make the

required showing before material gets filed under seal.

## III.   ANALYSIS

### A.   Attorney-Client Privilege (Categories A And B)

Courts will seal information protected by attorney-client privilege. *See, e.g.*,

*United States v. Zolin*, 491 U.S. 554, 562 (1989); *United States v. Rockwell Int'l*, 897 F.2d

1255, 1264-65 (3d Cir. 1990). A party invoking the attorney-client privilege has the

burden of demonstrating that the privilege applies. *See Avco Corp. v. Turner*, Case

No. 2:20-cv-4073, 2021 WL 1721577, at * 2 (E.D. Pa. Apr. 30, 2021). Under Pennsylvania

law, which applies here under Fed. R. Evid. 501, a proponent of the privilege must

prove four elements:  (1) the asserted holder of the privilege is or sought to become

a client; (2) the person to whom the communication was made is a member of the bar

of a court, or his subordinate; (3) the communication relates to a fact of which the

attorney was informed by his client without the presence of strangers, for the purpose

of securing either an opinion of law, legal services or assistance in a legal matter, and

not for the purpose of committing a crime or tort; and (4) the client has claimed and

not waived the privilege. *See Newsuan v. Republic Svcs. Inc.*, 213 A.3d 279, 284-85 (Pa.

Super. Ct. 2019). Avco has satisfied its burden as to the first and second elements, but

the third and fourth elements warrant closer scrutiny.

### 1.      Communication made to obtain legal advice

Avco has not shown that some of the material it seeks to seal were

communications made to obtain legal advice. Exhibit B is an engagement letter. The

privilege does not apply to it or to Ms. Turner's deposition testimony about it (Ex. A-

2). *See, e.g.*, *In re Semel*, 411 F.2d 195, 197 (3d. Cir. 1969); *see also Bowman v. Green

Tree Serv., Inc.*, 2012 WL 4849616 at *3 (N.D. W. Va. Oct. 11, 2012). The privilege also

does not apply to Ms. Turner's discussion about clearing conflicts to take on a new

matter (Ex. A-1). Nor does the privilege extend to Ms. Turner's general discussion of

experts that Avco retained, without any discussion about the case, the role the expert

filled, or the reason for engaging the expert (Ex. A-5). However, Avco has

demonstrated that the remaining communications were made in the course of seeking

or obtaining legal advice.

### 2.    Waiver

A party may waive the attorney-client privilege by implication by "asserting claims or defenses that put his or her attorney's advice in issue in the litigation." *Rhône-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994). A party impliedly "waives the [attorney-client] privilege only when he or she 'has made the decision and taken the affirmative step in the litigation to place the advice of the attorney in issue.'" *U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 212 (3d Cir. 1999) (quoting *Rhône-Poulenc*, 32 F.3d at 863). The Third Circuit has held that "[t]he advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client communication." *Rhône-Poulenc*, 32 F.3d at 863. This is known as the at-issue doctrine.

Avco explains in its Motion that it submitted all of the communications that it seeks to seal "to establish the fact that [Ms. Turner] had an attorney-client relationship with Avco and that during the course of that relationship she gained confidential information . . . ." (ECF No. 81 at 2.) The Court's review of Avco's summary judgment motion confirms that assertion. Avco uses all of the documents it wants to seal under attorney-client privilege to show Ms. Turner had access to confidential information; or in other words, that she had a fiduciary duty to Avco. This is an essential element of Avco's breach of fiduciary duty claim. By using the communications to prove that element, Avco has put them at issue in the case and therefore waived privilege. And, because the privilege does not apply, Avco cannot use the privilege to justify sealing them.

In its Motion to seal, Avco argues that the at issue doctrine does not apply to communications just because the communications are relevant to the underlying action. And that correctly states the law. But as Avco concedes, the at issue doctrine does apply when the substance of the communications is a predicate to the claim. In its summary judgment motion, Avco has used confidential communications to prove an element of its claim, and it therefore has placed the substance of the communications at issue.

Avco also argues that it would be a "perverse result" if it had to put at issue confidential documents in order to enforce the duty of confidentiality that applies. (ECF No. 81 at 22 (Memo at 10).) But Avco did not have to submit these privileged communications to prove that Ms. Turner had access to Avco's confidential information. It could have satisfied that element in other ways, including by submitting a sworn statement from an Avco employee describing the confidential information to which Ms. Turner had access without disclosing its exact substance. For whatever reason, Avco decided not to take that approach. The consequence of that decision is that it placed the substance of the communications at issue and therefore waived the privilege.

### B.      Confidential Business Information (Category B)

Trade secrets or other confidential research, development, or commercial information are the type of information that courts will protect. *See, e.g.*, *Nitto Denko Corp. v. Hutchinson Tech. Inc.*, Civ. A. No. 16-3595, 2017 WL 2782639, at * 2 (D.N.J. March 3, 2017). Exhibits N, O, P, R-CC, and JJ contain such information, including engineering and internal testing information. Avco has also established that it treats

the information in these documents as confidential in the ordinary course of its business and that the disclosure of this information would permit Avco's competitors a shortcut around the arduous research-and-development process that Avco undertook to develop its products. While there is no "bright line" on how specific a party must be in articulating its harm, a detailed declaration identifying each exhibit, describing the contents of the exhibit, explaining the steps that a company takes to ensure its confidentiality, and then explaining what harm could result from its disclosure is enough. Therefore, the Court will seal the Category B documents.

## IV.    CONCLUSION

Avco could have sought summary judgment without relying on the substance of its communications with Ms. Turner. But, for whatever reason, it didn't. Instead, it chose to rely on privileged communications to establish an element of its claim against Ms. Turner. When Avco made that choice, it waived any privilege that applied to them. And, having waived privilege, Avco has no basis to keep them under seal. The Court will therefore deny the motion as to Category A documents. But, because Avco has made a sufficient showing as to the confidential business documents, the Court will grant the Motion as to Category B documents. An appropriate Order follows.

BY THE COURT:

/s/ Joshua D. Wolson
HON. JOSHUA D. WOLSON
United States District Judge

August 9, 2021