## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AVCO CORPORATION**,<br><br>    *Plaintiff*,<br><br>v.<br><br>**VERONICA SALTZ TURNER**,<br><br>    *Defendant*. | Case No. 2:20-cv-04073-JDW |

### MEMORANDUM

Veronica Saltz Turner switched sides. She used to defend Avco Corporation in products liability litigation about plane crashes. After that relationship ended, she appeared for plaintiffs in products liability cases about plane crashes. Avco feels aggrieved by Ms. Turner's change in loyalty, and it wants to exact a pound of flesh. But Avco has not shown that Ms. Turner's conduct has harmed it. In fact, even though Avco recited a parade of horribles that would occur if the Court did not enjoin Ms. Turner from representing plaintiffs who named Avco as a defendant, none of those imagined consequences has happened. Avco's lack of harm is fatal to its claims that Ms. Turner has breached her fiduciary duty. The Court will therefore grant Ms. Turner's motion for summary judgment and deny Avco's motion.

## I. FACTUAL AND PROCEDURAL HISTORY

### A. Ms. Turner's Representation of Avco

Lycoming Engines is an unincorporated operating division of Avco Corporation (together "Avco"). Avco manufactures piston engines for general aviation aircraft. From 2005 until June 2018, Ms. Turner served as Avco's outside counsel in a variety of litigation matters, including products liability cases. Over the course of her representation, Ms. Turner defended Avco in several products liability claims in which the Wolk Firm served as plaintiffs' counsel. Over the course of those representations, Ms. Turner received confidential and proprietary documents related to Avco's piston engines and its business in general. She also worked with Avco's experts, including Randall Knuteson, and assisted in the preparation of rebuttal reports in litigation matters. By mid-2018, however, Ms. Turner no longer provided any legal services to Avco.

### B. The *Torres* Litigation

The Wolk Firm initiated a series of related products liability cases against Avco and other defendants in Arizona, California, Delaware, and New Jersey, stemming from an airplane crash. According to Avco, the New Jersey matter, *Torres v. Honeywell, Inc. et al.*, Case No. L-MRS-001090-17 (N.J. Super. Ct. Law Div.), was dismissed before Avco filed its Complaint against Ms. Turner. (ECF No. 1 at ¶ 19.) The other matters are: *Torres v. Honeywell, Inc., et al.*, Case No. CV2017-007542 (Ariz. Super. Ct. Maricopa Cty.) ("*Torres* Arizona"); *Torres v. Honeywell et*

*al.*, Case No. BC661236 (Cal. Super. Ct. Los Angeles Cty.) ("*Torres* California"); and *Torres v. Avco Corp. et al.*, Case No. 1:19-cv-2264 (D. Del.) ("*Torres* Delaware").

On June 26, 2019, the Arizona trial court dismissed Avco from the *Torres* Arizona case for lack of personal jurisdiction. The plaintiffs appealed that decision. In March 2020, while the appeal was pending, the Wolk Firm contacted Ms. Turner and asked if she would assist the firm with *Daubert* motions in *Torres* Arizona. As part of her assignment, Ms. Turner prepared responses to Honeywell's and Copperstate's *Daubert* motions, prepared *Daubert* motions to exclude those defendants' experts, drafted reply briefs, argued several of the motions, and examined and cross-examined witnesses at an evidentiary hearing on the motions. Mr. Knuteson was one of the defense experts that Ms. Turner moved to exclude. She also cross-examined him at the evidentiary hearing in connection with that motion.

On June 26, 2020, plaintiffs' local counsel in *Torres* Arizona filed an application to have Ms. Turner admitted *pro hac vice* as counsel for the plaintiffs. Four days later, Avco filed an objection to that application, even though it had been dismissed as a defendant from the case. The trial court never granted Ms. Turner's motion for *pro hac vice* admission, nor did it rule on Avco's objection. But it did permit Ms. Turner to participate in an oral argument and a subsequent evidentiary hearing on behalf of the plaintiffs in connection with the various motions to exclude. It does not appear that the Arizona trial court ever ruled on the plaintiffs' motion to exclude Mr. Knuteson as an expert. On November 24,

3

2020, the Arizona Court of Appeals affirmed Avco's dismissal from *Torres* Arizona for lack of personal jurisdiction.

In *Torres* California, the trial court granted Avco's Motion to Quash for Lack of Personal Jurisdiction on July 15, 2021. The record does not indicate whether the plaintiffs have appealed that ruling. Avco is still a defendant in *Torres* Delaware, but that case is stayed.

### C. The Present Matter

On August 20, 2020, Avco sued Ms. Turner for breach of fiduciary duty based on her work in the *Torres* Arizona matter. Avco seeks compensatory damages, as well as declaratory and injunctive relief. At the pleading stage, the Court denied Avco's motion for a preliminary injunction upon finding that Avco had failed to demonstrate an immediate, irreparable injury. Since then, the Parties have engaged in discovery, and they each have filed motions for summary judgment on Avco's claims. Those motions are ripe for disposition by the Court.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the

burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotations omitted). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). However, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted); *see also* Fed. R. Civ. P. 56(c)(1)(A)-(B). Thus, a blanket denial to an asserted fact, without more, is insufficient. "If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion; [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e)(2)-(3).

The filing of cross-motions does not change this analysis. *See Transportes Ferreos de Venezuela II CA v. NKK Corp.*, 239 F.3d 555, 560 (3d Cir. 2001). It "does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist." *Id.* at 560 (quotation omitted). Rather, "[w]hen confronted with cross-motions for summary judgment 'the court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56

5

standard.'" *Canal Ins. Co. v. Underwriters at Lloyd's London*, 333 F. Supp. 2d 352, 353 n.1 (E.D. Pa. 2004), *aff'd*, 435 F.3d 431 (3d Cir. 2006).

## III. ANALYSIS

### A. Breach Of Fiduciary Duty

Under Pennsylvania common law, "an attorney owes a fiduciary duty to his client; such duty demands undivided loyalty and prohibits the attorney from engaging in conflicts of interest, and breach of such duty is actionable." *Dougherty v. Pepper Hamilton LLP*, 133 A.3d 792, 797 (Pa. Super. Ct. 2016) (quoting *Maritrans GP Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1283 (Pa. 1992)). This duty of loyalty survives termination of the attorney-client relationship, and Pennsylvania Rule of Professional Conduct 1.9 outlines the duties that an attorney owes to her former clients. *See id.* at 798; *see also In re Corn Derivatives Antitrust Litig.*, 748 F.2d 157, 160-61 (3d Cir. 1984) (rules of professional conduct, including Rule 1.9, reflect the governing standard for an attorney's duty of loyalty). The Rule provides that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent." Pa. R. Prof. Conduct 1.9(a).

While the Rules of Professional Conduct set forth the scope of attorneys' duties to their clients, the Rules also make clear that "[t]hey are not designed to be a basis for civil liability." Pa. R. Prof. Conduct, Preamble and Scope [10]. Thus,

6

"[v]iolation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached." *Id.* Instead, to prevail on its breach of fiduciary duty claim, Avco must prove the following elements: 1) the existence of a fiduciary relationship between Avco and Ms. Turner; 2) that Ms. Turner negligently or intentionally failed to act in good faith and solely for Avco's benefit, i.e., Ms. Turner breached her fiduciary duty; and 3) that Avco suffered an injury caused by Ms. Turner's breach of her fiduciary duty. *See Snyder v. Crusader Servicing Corp.*, 231 A.3d 20, 31 (Pa. Super. Ct. 2020). Assuming Ms. Turner violated Rule 1.9(a) by representing the plaintiffs in *Torres* Arizona and that her violation amounted to a breach of her fiduciary duty of loyalty to Avco, Avco could not prevail on its breach of fiduciary duty claim against her because it has not established an actionable injury.

In focusing on Ms. Turner's alleged violation of Rule 1.9(a), Avco ignores the distinction between the act constituting the alleged breach—Ms. Turner's representation of plaintiffs in *Torres*—and an injury that flowed from that breach. Tellingly, Avco never once recites the elements necessary to establish a breach of fiduciary duty claim under Pennsylvania law. Instead, Avco confines its analysis as to whether Ms. Turner violated Rule 1.9(a). As a result, Avco fails to articulate what harm it has suffered as a result of Ms. Turner's work on the *Torres* matter. At most, Avco argues that Ms. Turner's "work asserting *Daubert* challenges on behalf of the plaintiffs in *Torres* Arizona ... would undoubtedly impact not only *Torres*

7

Arizona" but the other pending *Torres* matters in California and Delaware. (ECF No. 86 at 5.) Yet, Avco has not articulated what, if any, impact Ms. Turner's limited work in *Torres* Arizona has had on Avco in that matter or any of the other *Torres* cases. The plaintiffs in *Torres* Arizona did not direct *Daubert* motions at any of Avco's experts, and the trial court had already dismissed Avco as a defendant by the time Ms. Turner began her work in that matter. The appellate court has since upheld Avco's dismissal, ending Avco's status as a defendant in *Torres* Arizona. On July 15, 2021, the California trial court dismissed Avco from *Torres* California as well. The record does not indicate whether the plaintiffs have appealed that decision.

Avco also contends that "given the overlap between issues and experts in products liability matters involving aviation accidents [Ms. Turner's] work in *Torres* Arizona necessarily has implications for pending and future piston engine cases against Avco." (ECF No. 86 at 5.) Yet, Avco again fails to identify what those implications may be or what impact Ms. Turner's work has had on any case pending against Avco. In fact, it does not appear that the trial court ever ruled on the *Torres* plaintiffs' motion to exclude Mr. Knuteson as an expert. (*See* ECF No. 77-59.) Thus, it is not surprising that Avco has failed to articulate what harm has resulted from Ms. Turner's efforts to disqualify him as an expert. Absent an injury flowing from that alleged breach, Avco cannot prevail on its claims against Ms. Turner.

8

To save its claim, Avco points to the attorneys' fees and costs it has incurred in this matter as evidence that it has been injured by Ms. Turner's alleged breach of her duty of loyalty to Avco. However, Pennsylvania law does not stretch as far as Avco contends. Pennsylvania follows the American Rule. Under that Rule, "unless the facts of a case come within a few narrow exceptions, attorney's fees are not recoverable as a component of damages." *Precision Door Co. v. Meridian Mut. Ins. Co.*, 353 F. Supp. 2d 543, 555 (E.D. Pa. 2005) (citing *Mosaica Acad. Charter Sch. v. Com. Dep't of Educ.*, 813 A.2d 813, 822 (Pa. 2002)). Namely, "a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties[,] or some other established exception." *Mosaica*, 813 A.2d at 822 (citing *Lavelle v. Koch*, 617 A.2d 319, 323 (Pa. 1992)). There is no express statutory authority or a contractual arrangement that permits fee-shifting in this case. In addition, Avco has not demonstrated that there is an established exception for breach of fiduciary duty claims asserted against an attorney. Instead, Avco's position stems from a single, unreported decision from a Court of Common Pleas, which is distinguishable from the present matter.

As the Court noted in a prior memorandum, the trial court in *Axcan Scandipharm, Inc. v. Reed Smith, LLP*, 2007 Phila. Ct. Com. Pl. LEXIS 78 at *7 (Pa.Com.Pl. Mar. 26, 2007) permitted the plaintiff, Axcan, to pursue a claim to recover the attorneys' fees it had incurred in an earlier indemnification action in which it hired other counsel to move to disqualify its former counsel, Reed Smith,

9

for breaching its fiduciary duties to Axcan. The difference between the facts in *Axcan* and this case is that Axcan was seeking to recover attorneys' fees that it incurred in an underlying action that the breach of fiduciary duty had impacted. Those fees constituted damages for a breach of a fiduciary duty under the American Rule, so Axcan could recover them. But Avco is not seeking to recover fees that it incurred in *Torres* Arizona or any other underlying litigation. It seeks its fees for this very case. That recovery would be at odds with the American Rule, and the *Axcan* decision (and its limited progeny) does not amount to an "established exception" to that Rule. In fact, in *Axcan*, the court made clear that Pennsylvania has **not** adopted an exception to the American Rule for clients who successfully pursue malpractice claims against their former attorneys, and it declined to create such an exception. *See id.* at n.11. Without a valid basis to depart from the general rule, Avco cannot recover its attorneys' fees from this matter as compensatory damages.

    **B.**    **Declaratory And Injunctive Relief**

Pursuant to the Declaratory Judgment Act, a district court has the power to "declare the rights and other legal relations of any interested party seeking such declaration" in "a case of actual controversy within its jurisdiction[.]" 28 U.S.C. § 2201(a). However, "[t]he discretionary power to determine the rights of parties before injury has actually happened cannot be exercised unless there is a legitimate dispute between the parties." *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 647 (3d Cir. 1990). Here, Avco seeks a declaratory judgment that Ms.

10

Turner is "prohibited from providing any representation, counsel or legal services in any matter to any party materially adverse to Avco in matters in which the plaintiffs allege (a) claims of engine power loss arising from anything affecting the fuel/air mixture, including but not limited to alleged defects in Avco piston engines' ignition systems, magnetos, tappets, valves, exhausts, propellers or crankshafts, or airframe-engine integration, or (b) any other issue substantial[ly] similar or related to Turner's past representation of Avco." (ECF No. 1 at ¶ 95.) More simply, Avco asks the Court to define the scope of Ms. Turner's fiduciary obligations to Avco. (ECF No. 77-1 at 23.) However, there is no evidence in the record that Ms. Turner is representing or will undertake representation of another party "in the same or a substantially related matter in which that person's interests are materially adverse to the interests of [Avco] …." Pa. R. Prof. Conduct 1.9(a). At most, Ms. Turner indicated that she might consider taking additional assignments from the Wolk Firm in the future, depending on what those cases involve.

Whether Ms. Turner's representation of a new client would violate Pa. R. Prof. Conduct 1.9(a) is "a fact-specific analysis," *Zerger & Mauer LLP v. City of Greenwood*, 751 F.3d 928, 933 (8th Cir. 2014), that "must be decided from case to case and depends on a number of factors." *Maritrans*, 602 A.2d at 1286; *see also In re Am. Airlines, Inc.*, 972 F.2d 605, 614 (5th Cir. 1992) (determining whether attorney violated Rule 1.09 involves a "painstaking analysis of the facts") (quotation omitted). Thus, the very nature of such an inquiry renders it

11

inappropriate for a declaratory judgment, where there are no specific facts for the Court to analyze. *See Step-Saver*, 912 F.2d at 647 (explaining that Declaratory Judgment Act does not empower a court to render "an opinion advising what the law would be upon a hypothetical state of facts"). The lack of any facts about any future representation also makes this case distinguishable from *In re Cendant Corp. Sec. Litig.*, 124 F. Supp. 2d 235, 241 (D.N.J. 2000), where the Court had ample information about both the former and proposed representations and, therefore, could declare that the attorney's proposed representation would violate governing rules of professional conduct. This Court cannot do so.

Likewise, Avco is not entitled to a permanent injunction. Before a court may enter a permanent injunction, it must consider whether: "(1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest." *Coffelt v. Fawkes*, 765 F.3d 197, 201 (3d Cir. 2014) (quotation omitted). The Court will not enter a permanent injunction against Ms. Turner, because Avco has not shown actual success on the merits of its breach of fiduciary duty claim.

## IV.   CONCLUSION

It is possible, though by no means certain, that Ms. Turner violated an ethical duty to Avco when she accepted the assignment in the *Torres* Arizona case. But without proof that any ethical violation damaged Avco, the Court has no basis

to remedy the situation. If Avco believes Ms. Turner's conduct was improper, it remains free to pursue a disciplinary complaint against her. But it cannot pursue its claims in this Court. Nor can it pursue claims for declaratory or injunctive relief without some evidence about an assignment that Ms. Turner has accepted, or will accept, that might violate her duty to Avco. The Court will grant summary judgment to Ms. Turner. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

Dated: August 23, 2021