NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2750
_____

AVCO CORPORATION,
Appellant

v.

VERONICA W. SALTZ TURNER
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-20-cv-04073)
District Judge: Honorable Joshua D. Wolson
_____

Argued on June 15, 2022

Before: HARDIMAN, SMITH and FISHER, *Circuit Judges*.

(Filed: July 22, 2022)

Nicole Benjamin [ARGUED]
John A. Tarantino
Adler Pollock & Sheehan
One Citizens Plaza, 8th Floor
Providence, RI 02903
    *Counsel for Appellant*

Wayne A. Ely [ARGUED]
59 Andrea Drive
Richboro, PA 18954
    *Counsel for Appellee*

OPINION[*]
_____

FISHER, *Circuit Judge*.

Lycoming Engines, a division of Avco Corporation, manufactures engines for what are often called small or private airplanes. Attorney Veronica Saltz Turner defended Avco and Lycoming in product liability lawsuits. But after her relationship with them ended, she performed legal work on behalf of the plaintiffs in *Torres v. Honeywell, Inc.*,[1] a lawsuit involving a plane with a Lycoming engine. Avco sued Turner for breach of fiduciary duty. It sought damages, disgorgement, and declaratory and injunctive relief. The District Court entered summary judgment for Turner. Avco appeals. We will vacate in part and remand for further proceedings.[2]

Under Pennsylvania law,[3] "an attorney owes a fiduciary duty to his client; [this]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] No. CV2017-007542 (Ariz. Super. Ct. Maricopa Cnty.).

[2] The District Court had jurisdiction under 28 U.S.C. § 1332(a)(1) (diversity). We have jurisdiction under 28 U.S.C. § 1291 (final decisions of district courts). We review a district court's grant of summary judgment on a plenary basis. *Bletz v. Corrie*, 974 F.3d 306, 308 (3d Cir. 2020). We generally review a grant or denial of a permanent injunction for abuse of discretion, but where an injunction is denied because of the entry of summary judgment, "we must determine whether the District Court erred in granting summary judgment." *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 819 (3d Cir.), *as amended* (May 5, 2006). Avco does not appeal the denial of its request for a declaratory judgment.

[3] The District Court and the parties have applied Pennsylvania law, and we will as well. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 316–17 (3d Cir. 2014) (holding that argument regarding choice of law may be waived).

duty demands undivided loyalty and prohibits the attorney from engaging in conflicts of interest."[4] "[A] lawyer [may] not undertake a representation adverse to a former client in a matter 'substantially related' to that in which the lawyer previously had served the client."[5] We have explained that the duty "is not merely a matter of revealing or using the client's confidences and secrets, but of a duty of continuing loyalty to the client."[6]

A plaintiff bringing a claim for breach of fiduciary duty must establish: (1) a fiduciary relationship existed, (2) the defendant "negligently or intentionally failed to act in good faith and solely for [the plaintiff's] benefit," and (3) the breach caused an injury to the plaintiff.[7]

### A. The Breach of Fiduciary Duty Claim

The District Court held that, even assuming there was a genuine factual dispute about the existence and breach of a fiduciary duty, Avco did not establish a triable issue of fact with regard to an "actionable injury." J.A. 16. The type of injury a plaintiff must establish, however, depends on the type of remedy sought. We consider, in turn, the kinds

---

[4] *Maritrans GP Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1283 (Pa. 1992).

[5] *Id.* at 1284 (quoting *Consol. Theatres v. Warner Bros. Cir. Mgmt. Corp.*, 216 F.2d 920, 924 (2d Cir. 1954)).

[6] *In re Corn Derivatives Antitrust Litig.*, 748 F.2d 157, 161–62 (3d Cir. 1984) (holding that, where a law firm represented two plaintiffs whose positions had become adverse, the firm could not withdraw from representing one and continue representing the other). *Corn Derivatives* concerned ABA Model Rule of Professional Conduct 1.9(a), which is essentially identical to Pennsylvania Rule of Professional Conduct 1.9(a).

[7] *Snyder v. Crusader Servicing Corp.*, 231 A.3d 20, 31 (Pa. Super. Ct. 2020).

of monetary remedies at issue: disgorgement, compensatory damages, attorney's fees and costs, and nominal damages.

### 1. Disgorgement

Avco argues that under Pennsylvania law, it does not need to show a separate injury, apart from the fiduciary breach, to be entitled to disgorgement. We agree. In *Maritrans GP Inc. v. Pepper, Hamilton & Scheetz*, the Pepper Hamilton law firm represented Maritrans for many years and "came to know [its] complete inner[] workings" and "competitive strategies."[8] "Armed with this information," Pepper began representing four of Maritrans' competitors in similar matters.[9] Maritrans sued Pepper, requesting injunctive relief and compensatory and punitive damages.[10] The Pennsylvania Supreme Court held that Maritrans was entitled to a preliminary injunction.[11]

The Court went on to observe that "[c]ourts throughout the country have ordered the disgorgement of fees paid or the forfeiture of fees owed to attorneys who have breached their fiduciary duties to their clients by engaging in impermissible conflicts of interests."[12] The Court quoted with approval the United States Supreme Court's holding that a fiduciary laboring under a conflict "may not perfect [her] claim to compensation by

---

[8] 602 A.2d at 1280.
[9] *Id.*
[10] *Id.* at 1279.
[11] *Id.* at 1287.
[12] *Id.* at 1285 (collecting cases from state courts in Florida, Minnesota, New York, and California and federal courts in the District of Columbia).

4

insisting that although [she] had conflicting interests, [she] served [her] several masters equally well."[13] In other words, an attorney may not argue that she should be paid because her conflict of interest did not hurt her client. Avco is correct that in such a situation, the client is entitled to "disgorgement or forfeiture of fees for services rendered."[14] The client need not show injury beyond the breach of fiduciary duty itself.[15]

In *Maritrans*, only the preliminary injunction was at issue, so the disgorgement discussion could be characterized as dicta. If so, it is "considered dicta."[16] The Pennsylvania Supreme Court was not musing about hypotheticals, but explaining the remedies available to Maritrans on remand. This is persuasive evidence of how the Court would rule on damages here.[17]

Turner argues Avco is not entitled to disgorgement because it did not pay her for

---

[13] *Id.* at 1286 (quoting *Woods v. City Nat'l Bank & Trust Co. of Chi.*, 312 U.S. 262, 269 (1941)).

[14] *Id.* at 1285.

[15] *See Maritrans*, 602 A.2d at 1285, citing, among other cases, *Perl v. St. Paul Fire & Marine Ins. Co.*, 345 N.W.2d 209, 212 (Minn. 1984) ("[I]f the attorney breaches his or her fiduciary duty to the client, the client is deemed injured even if no actual loss results" and "is entitled to recover, as damages, the compensation paid [to the attorney]."); *Zeiden v Oliphant*, 54 N.Y.S.2d 27, 28–29 (N.Y. Sup. Ct. 1945) ("It is true that plaintiff suffered no real injury or damage for she had no valid claim . . . . [and] the information disclosed would not seem particularly secret or confidential for the matter was a public court record . . . ." But because the lawyer "did, at least technically, pre-empt to himself an opportunity for profit that plaintiff herself might conceivably have utilized," he was "not . . . permitted to retain any personal profit.").

[16] *McKenna v. Ortho Pharm. Corp.*, 622 F.2d 657, 663 (3d Cir. 1980).

[17] *See id.* (when forecasting state law, we consider "any . . . reliable data tending convincingly to show how the highest court in the state would decide the issue at hand," including "relevant state precedents, analogous decisions, [and] considered dicta").

her work in the *Torres* case and "[a] party cannot seek disgorgement of monies it has not paid."[18] But disgorgement need not be a refund of fees paid; it can, for example, consist of an accounting of profits wrongfully made.[19] According to its definition, after all, disgorgement centers on the wrongdoer's gain, not the plaintiff's loss: it is "[t]he act of giving up something (such as profits illegally obtained) on demand or by legal compulsion."[20]

Thus, the District Court erred by holding Turner was entitled to summary judgment on the breach of fiduciary duty claim without addressing disgorgement.

2. Compensatory Damages

The District Court did not err in holding that Avco failed to create a triable issue with regard to compensatory damages. In *Maritrans*, the Pennsylvania Supreme Court held that a client may receive compensatory damages "for an attorney's breach of his

---

[18] Appellee's Br. 17.

[19] *See, e.g.*, *Boyd v. Cooper*, 410 A.2d 860, 861 (Pa. Super. Ct. 1979). One of Avco's key cases supports the conclusion that disgorgement is not limited to a refund of fees to the client. In that case, the Reed Smith law firm had a conflict of interest because it represented first Axcan and later a party adverse to Axcan. *Axcan Scandipharm, Inc. v. Reed Smith, LLP*, 2007 Phila. Com. Pl. LEXIS 78, at *2 (Pa. Com. Pl. Mar. 26, 2007). Axcan sued, demanding disgorgement of Reed Smith's fees. *Id.* However, the fees had been paid on Axcan's behalf by a third party. *Id.* at *12-13. Disgorgement of the entire fee would result in a windfall to Axcan, so Axcan was entitled to disgorgement only of "Reed Smith's net profit resulting from its alleged breach of fiduciary duty." *Id.* at *15.

We generally do not look to trial court decisions to determine state law. *See Crystallex Int'l Corp. v. Petróleos De Venezuela, S.A.*, 879 F.3d 79, 84 (3d Cir. 2018). We mention *Axcan* because Avco relies on it heavily and the District Court discussed it.

[20] *Disgorgement*, *Black's Law Dictionary* (11th ed. 2019).

6

fiduciary duties by engaging in conflicts of interest."[21] In support, the Court cited two California cases where clients suffered identifiable financial losses due to their attorneys' fiduciary breaches.[22] Avco similarly would be entitled to compensatory damages if it could demonstrate pecuniary harm due to Turner's alleged breach.

Avco argues there is a genuine issue of material fact on compensatory damages because Turner "was provided with a wide array of confidential and trade secret information," "worked with [Avco's] experts," and "prepared . . . motions submitted on behalf of the plaintiffs in *Torres*."[23] Those facts create the possibility of injury and damages. But "summary judgment is essentially 'put up or shut up' time."[24] It is not enough for Avco to say it "cannot know the full extent of the harm caused by Ms. Turner's representation of the *Torres* plaintiffs."[25] With discovery complete, Avco must "point to some evidence in the record that creates a genuine issue of material fact" regarding identifiable compensatory damages.[26] It has not done so.

---

[21] 602 A.2d at 1286.
[22] *See Tri-Growth Centre City, Ltd. v. Silldorf, Burdman, Duignan & Eisenberg*, 216 Cal. App. 3d 1139, 1146–49, 1154 (1989) (law firm bought real estate it knew the client wanted to acquire); *David Welch Co. v. Erskine & Tulley*, 203 Cal. App. 3d 884, 889 (1988) (law firm competed with its former client to win collections contracts), *overruled by Lee v. Hanley*, 354 P.3d 334, 343–44 (Cal. 2015).
[23] Appellant's Br. 30.
[24] *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).
[25] Reply Br. 10.
[26] *See Berckeley*, 455 F.3d at 201.

3. Attorney's Fees and Costs

The District Court did not err in holding that Avco may not recover, as compensatory damages, the attorney's fees and costs it has incurred in this litigation. Avco attacks this holding by citing state cases from outside Pennsylvania and a few federal court cases. But "reliance on cases from non-Pennsylvania jurisdictions . . . is misplaced, as those cases . . . do not bind the Pennsylvania Supreme Court."[27] Indeed, the Pennsylvania Supreme Court has "consistently reaffirmed" the American Rule: "in this Commonwealth, a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception."[28] Avco's four federal district court cases do not show otherwise. One of them, *Fidelity Bank v. Commonwealth Marine & General Assurance Co.*, awards attorney's fees without citing any authority.[29] The other three cases cite *Fidelity* or one another.[30]

In sum, there is no indication that, in a case like this, the Pennsylvania Supreme Court would depart from its faithful adherence to the American Rule.

---

[27] *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 227–28 (3d Cir. 2008).
[28] *Lavelle v. Koch*, 617 A.2d 319, 323 (Pa. 1992).
[29] 592 F. Supp. 513, 529–30 (E.D. Pa. 1984).
[30] *Airgas, Inc. v. Cravath, Swaine & Moore LLP*, 2010 WL 3046586, at *6 (E.D. Pa. Aug. 3, 2010) (citing *Fidelity*); *Tress v. AXA Advisors, LLC*, 2013 WL 12248219, at *4 (E.D. Pa. June 6, 2013) (citing *Airgas*); *NBN Broad., Inc. v. Sheridan Broad. Networks, Inc.*, 2015 WL 1489902, at *4 (W.D. Pa. Mar. 31, 2015) (citing *Airgas* and *Fidelity*).

4. Nominal Damages

Avco argues that an attorney's breach of fiduciary duty creates an entitlement to nominal damages. Avco did not plead entitlement to such damages in its complaint or address their availability at summary judgment. "[A]rguments asserted for the first time on appeal . . . are not susceptible of review in this Court absent exceptional circumstances," such as when "the public interest requires that the issue[] be heard or manifest injustice would result from the failure to consider [it]."[31] Avco has not argued there are exceptional circumstances, and we do not perceive any.

B. The Permanent Injunction

Avco requested an injunction prohibiting Turner from "provid[ing] legal services to any person . . . materially adverse to Avco in matters" involving issues "substantially related or similar to [those raised in] Turner's past representation of Avco."[32] To obtain a permanent injunction, a party must (among other requirements) prevail on the merits.[33] Before the District Court, Avco lost on its injunction request for the same reason it lost on summary judgment: because the District Court concluded it had not shown a material factual issue regarding injury. On appeal, Avco argues that the Court "erred in determining that Ms. Turner was entitled to summary judgment on both Avco's claim for

---

[31] *Brown v. Philip Morris Inc.*, 250 F.3d 789, 799 (3d Cir. 2001).
[32] J.A. 47.
[33] *TD Bank N.A. v. Hill*, 928 F.3d 259, 278 (3d Cir. 2019) (citing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)).

9

breach of fiduciary duty and its related claim for injunctive relief because Avco had not 'established an actionable injury.'"[34] Since we will vacate the summary judgment, we will also vacate the permanent injunction ruling that flowed from it.

### C. Conclusion

To survive summary judgment, Avco needed to demonstrate a factual dispute regarding each element of its claim: a fiduciary relationship, a breach, and an injury. The District Court reached only the injury prong and granted summary judgment because it concluded Avco had not suffered a cognizable injury. That was error. The District Court will need to consider, on remand, the claim for disgorgement and whether Avco has carried its burden on the other two elements of the claim.

For the reasons explained, we will vacate the entry of summary judgment on the breach of fiduciary duty claim, vacate the denial of injunctive relief, and remand for further proceedings.

---

[34] Appellant's Br. 16 (quoting J.A. 16).