UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVCO CORPORATION, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : **C.A. No.:  2:20-cv-04073-JDW** |
| | : |
| VERONICA SALTZ TURNER, | : |
| | : *ELECTRONICALLY FILED* |
| Defendant. | : |

**PLAINTIFF AVCO CORPORATION'S SUPPLEMENTAL BRIEF
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND
IN OPPOSITION TO DEFENDANT VERONICA SALTZ TURNER'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Avco Corporation submits its supplemental brief pursuant to this Court's Order (ECF 122).

I.   **Ms. Turner's is Liable for Breach of Fiduciary Duty.**

The remedies Avco seeks—disgorgement and a permanent injunction—are both premised on Defendant Veronica Saltz Turner's breach of her fiduciary duty of loyalty. On appeal, the Third Circuit held that an attorney's breach of fiduciary duty establishes the client's injury as a matter of law. *Avco Corp. v. Turner*, No. 21-2750, 2022 WL 2901015, at *2 (3d Cir. July 22, 2022) (holding that "[t]he client need not show injury beyond the breach of fiduciary duty itself"). Thus, on remand, this Court must decide: (1) the existence of a fiduciary relationship between Avco and Ms. Turner and (2) Ms. Turner's breach of her fiduciary duty. The undisputed material facts establish Ms. Turner breached her fiduciary duty to Avco but, at a minimum, there are genuine issues of material fact that preclude the grant of summary judgment in favor of Ms. Turner.

   A.   **The Undisputed Facts Establish Ms. Turner Was Avco's Former Attorney.**

"Under Pennsylvania law, 'an attorney owes a fiduciary duty to his client; [this] duty demands undivided loyalty and prohibits the attorney from engaging in conflicts of interest.'" *Id.* at *1 & n. 4 (quoting *Maritrans GP Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1283 (Pa. 1992)). "[T]he duty 'is not merely a matter of revealing or using the client's confidences and secrets, but of a duty of continuing loyalty to the client.'" *Id.* at *1 & n. 6 (quoting *In re Corn Derivatives Antitrust Litig.*, 748 F.2d 157, 161-62 (3d Cir. 1984)).

This Court and the Third Circuit have already concluded that Ms. Turner was Avco's former attorney, a matter she does not contest on summary judgment. *Id.* at *1 ("Turner defended Avco and Lycoming in product liability lawsuits."); *Avco Corp.*, 2021 WL 3722274, at *1 (ECF 106 at 1) (Turner "used to defend Avco Corporation in products liability litigation about plane crashes"). Thus, as a matter of law, she owes Avco a fiduciary duty that not only prohibits her

from revealing or using Avco's confidences and secrets, but also imposes on her a duty of continuing loyalty to Avco that prohibits her from engaging in conflicts of interest.

### B. The Undisputed Facts Establish Ms. Turner Breached Her Fiduciary Duty.

To demonstrate breach, Avco need only show that Ms. Turner represented her new client in a substantially related matter in which her new client's interests were materially adverse to Avco's interests. *Avco Corp.*, 2021 WL 3722274, at *3 (ECF 106 at 6) (citing Pa. R. Prof. Cond. 1.9(a)).

The undisputed facts demonstrate that Ms. Turner breached her continuing duty of loyalty the moment she accepted the assignment in the *Torres* Arizona matter. Ms. Turner's new clients—the plaintiffs in *Torres* Arizona—had filed nearly identical suits against Avco in Arizona, California, Delaware and New Jersey alleging in each case that a defective Lycoming piston airplane engine caused the accident. Pl.'s SUMF (ECF 77-2) ¶ 96. While Avco had been dismissed from the *Torres* Arizona matter on jurisdictional bases when Ms. Turner accepted her assignment, Avco's dismissal was then the subject of a pending appeal in the Arizona Court of Appeals and the claims made in California and Delaware by the same plaintiffs, brought by the same law firm, involving the same accident, remained pending against Avco. *Id.* at ¶¶ 99-104, 130.

When assessing "substantial relationship" in disqualification matters courts have gone so far as to suggest that "doubts as to the existence of an asserted conflict of interest should be resolved in favor of disqualification" to protect the client's confidences. *Int'l Bus. Machs. Corp. v. Levin*, 579 F.2d 271, 283 (3d Cir. 1978). Here, however, there is no doubt as to the existence of a conflict of interest. A substantial relationship is manifest where the undisputed facts demonstrate that Ms. Turner defended Avco for years against allegations of a defective Lycoming piston engine and that the *Torres* matters centered on allegations of a defective Lycoming piston

engine.  Pl.'s SUMF (ECF 77-2) ¶¶ 29, 34-36, 43-95, 114-123.

Unquestionably, Ms. Turner's client's interests were and are materially adverse to Avco's interests.  Ms. Turner's clients had brought multiple suits against Avco and their claims remained pending in multiple jurisdictions when Ms. Turner accepted the assignment.  *Id.* at ¶¶ 96-98.  In fact, Ms. Turner's client's claims remain pending in Delaware.  *Id.* at ¶ 130.

Accordingly, the undisputed material facts establish Ms. Turner's breach of fiduciary duty and Avco's entitled to judgment as a matter of law. At a minimum, however, should this Court determine that Avco is not entitled to judgment as a matter of law, the issue of breach (viewed in the best light to Ms. Turner) presents genuine issues of material fact that would require jury determination. As this Court already recognized, "[i]t is possible, though by no means certain, that Ms. Turner violated an ethical duty to Avco when she accepted the assignment in the *Torres* Arizona case." *Avco Corp.*, 2021 WL 3722274, at *5 (ECF 106 at 12).

## II. Avco is Entitled to the Remedy of Disgorgement.

The Third Circuit determined that Avco may seek disgorgement of monies paid to Ms. Turner for her work in the *Torres* case so long as Avco demonstrates a breach of fiduciary duty. *Id.* at *3. In so concluding, the Third Circuit recognized that "disgorgement need not be a refund of fees paid; it can, for example, consist of an accounting of profits wrongfully made." *Id*. At least as of the time of her discovery responses, Ms. Turner had earned $43,975 for her work with the Wolk Firm in 2020.[1] Ms. Turner must disgorge earnings for her work in the *Torres* case and for any other matters adverse to Avco she has handled since the time of her discovery responses.

---

[1] The Third Circuit directed this Court "to consider, on remand, the claim for disgorgement and whether Avco has carried its burden on the other two elements of the claim." *Avco Corp.*, 2022 WL 2901015, at *4. To that end, this Court should order Ms. Turner to supplement her discovery responses so the amount to be disgorged may be determined so that Avco may present evidence and argument on the full amount to be disgorged to either the Court or a jury.

## III. Avco Is Entitled to an Injunction.

Avco also is entitled to an injunction because disgorgement alone is an inadequate remedy with respect to any future breach of duty to Avco.

The scope of the injunction Avco seeks is specific and narrow. Avco does not seek (and it never has sought) to enjoin Ms. Turner from practicing aviation law, handling aviation products liability actions generally, or even handling aviation product liability actions in which the plaintiffs allege that another manufacturer's engine is defective. Rather, Avco seeks an injunction (1) enjoining Ms. Turner from counseling, advising, assisting, representing, or providing legal services to any person or entity materially adverse to Avco in matters in which any plaintiff alleges claims of a Lycoming engine power loss arising from anything affecting the fuel/air mixture (which includes, for example, alleged defects in Avco's piston engines' ignition systems, magnetos, tappets, valves, exhausts, propeller or crankshaft systems, or airframe-engine integration) and (2) requiring Ms. Turner to return (or certify to the destruction of) all information pertaining to Avco and/or its designs or products. The requested injunction is tied directly to any client representations that are substantially related to Ms. Turner's former representation of Avco (i.e., matters involving Lycoming engine power loss) and it is reasonably tailored to address the specific harm alleged (i.e., representation of a party materially adverse to Avco in cases involving matters about which Ms. Turner had access to Avco's confidential and proprietary information, including its preparation of Avco's defense witnesses and experts and litigation strategies). Avco proposes that the injunction run for a period of 3 years from the date of judgment.[2]

Each of the considerations undertaken when deciding whether injunctive relief is warranted

---

[2] To address the Court's concerns about the scope of the requested injunction and the practicality of an injunction where a fact-specific analysis may be required, the relief Avco seeks on summary judgment is narrower than that requested in Avco's Complaint. Compl. (ECF 1) ¶¶ 86-102.

4

supports the issuance of an injunction here. *See Avco Corp.*, 2021 WL 3722274, at *5 (ECF 106 at 12) Mem. (Doc. 106) at 12 (identifying the considerations for injunctive relief).

First, as demonstrated above, Ms. Turner has breached her fiduciary duties to Avco.

Second, the undisputed material facts demonstrate that Avco has no adequate remedy at law and will be irreparably injured absent injunctive relief. While the remedy of disgorgement ensures that a fiduciary does not profit from her past disloyalty, it is inadequate as to any future breach. *See Maritrans GP Inc.*, 602 A.2d at 1287-88 ("a fiduciary who breaches his duty of loyalty to his principal is liable to his principal, and an injunction is a proper remedy for the breach" and "[a]s fiduciaries, [Defendants] can be fully enjoined from representing [plaintiff's] competitors as that would create too great a danger that [plaintiff's] confidential relationship with [defendants] would be breached"); *accord Stream Cos., Inc. v. Windward Advert.*, No. 12-CV-4549, 2013 WL 12114590, at *16 (E.D. Pa. Feb. 8, 2013); *see also Mylan Inc. v. SmithKline Beecham Corp.*, No. 10-CV-4809, 2014 WL 3519102, at *3 (D.N.J. July 16, 2014) (recognizing that money damages do not prevent or remedy ongoing breaches); *Boyd v. Cooper*, 410 A.2d 860, 861 (Pa. Super. Ct. 1979) (recognizing that a fiduciary may be enjoined and required to account for any profits derived from his breach); Restatement (Second) of Agency §§ 394 comment e (liabilities) and 399 ("A principal whose agent has violated or threatens to violate his duties has an appropriate remedy for such violation [and] [s]uch remedy may be ... (f) an action for an injunction.").

Moreover, the narrowly tailored injunctive relief Avco seeks is critically necessary because the undisputed evidence demonstrates a serious risk of future irreparable injury. The rule against representation of interests adverse to a former client "is a prophylactic rule." *In re Corn Derivatives Antitrust Litig.*, 748 F.2d at 162. It exists "to prevent *even the potential* that a former client's confidences and secrets may be used against him" and to fulfill a client's rightful expectation of

5

"the loyalty of his attorney." *Id*.

> "Where an attorney so far forgets, or ignores, his professional duty as to engage his service to one whose interests are necessarily in conflict with those of his client, or in whose employment he will be in a position to take undue advantage of the confidential communications of such client, there is no doubt of the power of the court to enter and enforce an order restraining the attorney from so acting . . . ."

*Maritrans*, 602 A.2d 1277 at 1284 (quoting 1 Thornton on Attorneys at Law (1914)). Where, as here, a conflict-of-interest implicating client confidences exists, "[a] court may restrain conduct which it feels may develop into a breach of ethics; it 'is not bound to sit back and wait for a probability to ripen into a certainty.'" *Id.* at 1284 (quoting *United States v. RMI Co*., 467 F. Supp. 915, 923 (W.D. Pa. 1979)).

Because the risk of harm is both real and great when an attorney breaches an ethical or fiduciary duty, an injunction is warranted even where there is no evidence that an attorney's breach of fiduciary duty is ongoing. *See Hyman Cos. v. Brozost*, 119 F. Supp. 2d 499, 503-05 (E.D. Pa. 2000). In *Hyman*, there was no evidence that an attorney had breached his ethical or fiduciary duties to his former client in the past three years. *Id.* at 503. The attorney argued that because there was no evidence that he had possession of his former client's trade secrets, there was no evidence that he would breach his ethical or fiduciary duties to his former client in the future. *Id.* The court, however, disagreed, finding that although there was no evidence that the attorney had possession of his former client's trade secrets, over the course of more than three years representing the former client in lease negotiations he acquired specific knowledge properly classified as confidential and proprietary. *Id.* at 505. To ensure that such information would not be disclosed (intentionally or unintentionally) to the former client's competitor, the court issued an injunction prohibiting the attorney from representing the competitor in any lease negotiation with any landlord for retail space where his former client occupies space and for which he negotiated in

6

representing the former client. *Id*.

In keeping with the prophylactic nature of the rule against representation of interests adverse to a former client, an injunction is also warranted even when the immediate threat of harm has subsided if the proven facts "give no one confidence that [the attorney] will avoid future breaches of his [or her] fiduciary duty to [a] former client." *Prudential Ins. Co. of Am. v. Massaro*, No. CIV. A. 97-2022, 2000 WL 1176541, at *18 (D.N.J. Aug. 11, 2000), *aff'd*, 47 F. App'x 618 (3d Cir. 2002). In those circumstances, a sufficient threat of irreparable injury persists. In *Prudential*, for example, although an attorney had not made any new disclosures of client confidences the district court nonetheless concluded that his client would be irreparably injured by the denial of injunctive relief—a determination the Third Circuit upheld on appeal. *Prudential Ins. Co. of Am. v. Massaro*, 47 F. App'x 618, 618-19 (3d Cir. 2002); *Prudential Ins. Co. of Am.*, 2000 WL 1176541, at *18. In so concluding, the district court observed that it was "crystal clear" that the attorney "lack[ed] even the most basic understanding of his obligations as attorney to his former client." *Prudential Ins. Co. of Am.*, 2000 WL 1176541, at *18.

Here, the record demonstrates a serious risk of irreparable injury where Ms. Turner has stated she might consider taking additional assignments from the Wolk Firm (including those adverse to Avco),[3] yet she lacks even the most basic understanding of (1) the identity of her former client; (2) the identity of her new client and (3) whether the information she has obtained from Avco is confidential and proprietary, facts that she is duty bound to consider when analyzing whether she has a conflict of interest in future matters. *See infra*. For example, Ms. Turner stated under oath that she never represented Avco and testified similarly at her deposition. Turner Decl. (ECF 10-3) ¶ 7; Turner Dep. (ECF 77-4) at 58:19-21. However, Ms. Turner conceded she entered

---

[3] Pl.'s SUMF (ECF 77-2) ¶ 127; Turner Dep. (ECF 77-4) at 172:8-16.

7

appearances and filed papers on behalf of Avco and held herself out as Avco's counsel. Pl.'s SUMF (ECF 77-2) ¶ 21. While at times she acknowledged that "Avco Corporation was the formal corporate company" and "Lycoming . . . was a division*," Id.* at ¶ 25, her misplaced belief that because she did not represent Avco, she could somehow represent clients adverse to Avco, creates a serious risk that Ms. Turner will once again breach her fiduciary duty to Avco.

Ms. Turner also claimed that she did not represent the plaintiffs in *Torres* Arizona but, rather, the Wolk Law Firm (which was counsel of record, not a party to the litigation). Def.'s Reply to Pl.'s Mem. in Opp. to Def.'s Mot. for Summ. J. (ECF 100) at 3. This Court rejected that claim, finding "[o]n June 26, 2020, plaintiffs' local counsel in *Torres* Arizona filed an application to have Ms. Turner admitted *pro hac vice* as counsel for the plaintiffs." *Avco Corp.*, 2021 WL 3722274, at *1 (ECF 106 at 3); *see also* Turner Pro Hac Vice Application (ECF 77-60).

Ms. Turner conceded she had access to confidential Avco documents, but she testified that she would defer to Avco about what was confidential and proprietary. Ms. Turner explained that while representing Avco she could not determine what was confidential or proprietary, nor could she make such a determination now. Pl.'s SUMF (ECF 77-2) ¶ 39-42; Turner Dep. (ECF 77-4) at 197:2-14; *see also* Turner Dep. (ECF 77-4) at 203:3-16, 208: 9-20.[4]

The record evidence also demonstrates Ms. Turner's dismissiveness toward her fiduciary duties and her indifference toward analyzing whether she has (or will have) a conflict of interest. Ms. Turner testified that she did not even know what claims her new clients had asserted against Avco and that she failed to review the operative pleadings in the *Torres* matters because she "didn't care." Pl.'s SUMF (ECF 77-2) ¶¶ 110-11; Turner Dep. (ECF 77-4) at 165:7-16. When questioned

---

[4] Contrary to this testimony, Ms. Turner unequivocally stated in her Preliminary Injunction Declaration that she had "never been provided with access to trade secrets and/or other confidential information about Avco's business and operations." Pl.'s SUMF (ECF 77-2) ¶ 3.

about Avco's objection to her admission *pro hac vice* in the *Torres* Arizona matter, Ms. Turner testified that she reviewed Avco's objection but did not confer with anyone about Avco's objection or conduct any legal research regarding its concerns because she found Avco's objection to be "laughable." Pl.'s SUMF (ECF 77-2) ¶ 108; Turner Dep. (ECF 77-4) 310:1-311:11. Ms. Turner further testified that she saw no reason to conduct any legal research concerning Avco's objection because the Court did not address Avco's objection. *Id*. at 311:17. Instead, she proceeded to appear in the matter on a limited *pro hac vice* basis. *Id*. at 311:17-19.

The undisputed evidence also demonstrates Ms. Turner's dismissiveness about Avco's allegations in this case. She testified that she is wholly uninterested in the ethical issues raised by Avco's expert, Professor Nancy Moore, even though she has tendered no expert to refute Professor Moore's opinions regarding her ethical lapses. *See* Turner Dep. (ECF 77-4) 131 (testifying she performed a "cursory review" of Professor Moore's credentials but "never bothered to investigate any further beyond that" because "she was of no concern to me"). Finally, far from recognizing her continuing duty of loyalty to Avco, after this Court entered summary judgment but before the Third Circuit issued its decision, Ms. Turner filed a Dragonetti suit against Avco and its former counsel in the Court of Common Pleas Philadelphia County alleging that Avco's claims in this case are meritless. *See Turner v. Avco Corp*., No. 210802341 (Phila. Ct. Common Pleas filed Aug. 26, 2021).[5] On this record, this Court should conclude there is a serious risk of harm to Avco. Ms. Turner's indifference, if not callousness, toward her professional and ethical responsibilities inspires no confidence that she will avoid future breaches of her fiduciary duties. An injunction as described above is necessary to ensure that Avco is not forced wait until there is a further breach

---

[5] After Avco filed its Preliminary Objections to Ms. Turner's Complaint, Ms. Turner filed a Praecipe for Discontinuance.

of the duty of loyalty or a breach of the duty of confidentiality and then "continuously seek legal action in order to enforce its rights." *Mylan Inc.*, 2014 WL 3519102, at *3; *see also SEPTA v. Pa. PUC,* 210 F. Supp. 2d 689, 726 (E.D. Pa. 2002) (recognizing that the burden of future litigation can constitute irreparable harm), *aff'd sub. nom. Nat'l R.R. Passenger Corp. v. Penn. Pub. Util. Comm'n*, 342 F.3d 242 (3d Cir. 2003).

Third, an injunction is within the ethical rules and would result in no harm to Ms. Turner. Enjoining Ms. Turner from doing what she already is ethically prohibited from doing cannot, as a matter of law, constitute harm and the limited scope of Avco's requested injunction minimizes any threat of harm to Ms. Turner. *See Stream Cos., Inc.*, 2013 WL 12114590, at *16.

Fourth, granting an injunction would further the public's interest. The Court has a paramount interest in "protecting the integrity of the proceedings and maintaining public confidence in the judicial system." *Argue v. David Davis Enters.*, No. 02-9521, 2004 U.S. Dist. LEXIS 22630, at *8-9 (E.D. Pa. Nov. 4, 2004). The rule against representation of interests adverse to a former client in the same or substantially related litigation "is important for the maintenance of public confidence in the integrity of the bar." *In re Corn Derivatives Antitrust Litig.*, 748 F.2d at 162. "An attorney who fails to observe his obligation of undivided loyalty to his client injures his profession and demeans it in the eyes of the public." *Int'l Bus. Machs. Corp.*, 579 F.2d at 283. In furtherance of these same interests, an injunction should issue here.

For these reasons, this Court should determine that Avco is entitled to disgorgement and an injunction. At a minimum, however, if this Court concludes there are any genuine issue of material facts, summary judgment in Ms. Turner's favor should be denied.

**CAMPBELL CONROY & O'NEIL, P.C.**

**By:** /s/ Joseph E. O'Neil
Joseph E. O'Neil, Esquire (PA No. 29053)
Katherine A. Wang, Esquire (PA No. 204158)
1205 Westlakes Drive
Suite 330
Berwyn, PA 19312
(610) 964-1900

and

ADLER POLLOCK & SHEEHAN P.C.

**By:** /s/ Nicole J. Benjamin
John A. Tarantino (*pro hac vice*)
jtarantino@apslaw.com
Nicole J. Benjamin (*pro hac vice*)
nbenjamin@apslaw.com
One Citizens Plaza, 8th Floor
Providence, RI 02903
401-274-7200
*Attorneys for Defendant Avco Corporation*

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have electronically filed the foregoing *Plaintiff Avco Corporation's Supplemental Brief in Support of Its Motion for Summary Judgment and in Opposition to Defendant Veronica Saltz Turner's Motion for Summary Judgment* with the Court's ECF system which will send notification of filing to those attorneys registered on this 2nd day of September, 2022.

           ADLER POLLOCK & SHEEHAN P.C.

           By:    /s/ Nicole J. Benjamin

Date:   September 2, 2022

1131992.v1