IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AVCO CORPORATION**, <br><br> *Plaintiff*, <br><br> v. <br><br> **VERONICA SALTZ TURNER**, <br><br> *Defendant*. | Case No. 2:20-cv-04073-JDW |

## MEMORANDUM

"[A] client does not own a lawyer for all time." *In re Carey*, 89 S.W.3d 477, 496 (Mo. 2002). Instead, a lawyer whose client relationship ends can take on matters adverse to her former client, as long as she does not have an occasion to use the former client's confidential information in a matter that is related to the work she did for the former client, against that former client. Avco Corporation fails to appreciate this distinction in this case. It claims that its former lawyer, Veronica Saltz Turner, violated her fiduciary duty to Avco when she took on a limited assignment in a case in which Avco had been (and could again have been) a defendant. Avco's entire case rests on its assumption that Ms. Turner must have used its confidential information. Yet, it offers no evidence about what Ms. Turner did in the course of her assignment, about how the work she did related to the work she had done for Avco, or about any confidential information on which Ms. Turner could have relied when she took on that representation. When the Parties moved

for summary judgment, it was time for Avco to "put up or shut up"[1] by offering evidence to establish those elements. Because it didn't do so, the Court will grant Ms. Turner's Motion for summary judgment on all remaining claims.

I. **FACTUAL AND PROCEDURAL HISTORY**

Rather than repeat them here, the Court incorporates by reference the facts set forth in its prior Memorandum on the Parties' cross-motions for summary judgment. *See Avco Corp. v. Turner*, No. 2:20-cv-04073, 2021 WL 3722274, at *1-2 (E.D. Pa. Aug. 23, 2021), *vacated and remanded*, No. 21-cv-2750, 2022 WL 2901015 (3d Cir. July 22, 2022). In that Memorandum and the accompanying Order, the Court granted summary judgment in favor of Ms. Turner on Avco's claims against her for breach of fiduciary duty, declaratory judgment, and injunctive relief, concluding that Avco failed to establish a question of fact with respect to whether it suffered an injury as a result of Ms. Turner's alleged breach of her fiduciary duty to Avco.

Avco appealed the Court's grant of summary judgment in favor of Ms. Turner on its claims for breach of fiduciary duty and injunctive relief, but it did not appeal the denial of its request for a declaratory judgment. *See Avco*, 2022 WL 2901015 at *1 n.2. The Third Circuit affirmed the Court's finding that Avco did not create a triable fact regarding compensatory damages but vacated and remanded the Court's decision with respect to Avco's claims for disgorgement and injunctive relief, explaining that when it comes to

---

[1] *Avco Corp. v. Turner*, No. 21-cv-2750, 2022 WL 2901015, at *3 (3d Cir. July 22, 2022).

disgorgement, "[t]he client need not show injury beyond the breach of fiduciary duty itself." *Avco*, 2022 WL 2901015 at *2. As a result, the Court of Appeals remanded this matter to the Court to consider: 1) Avco's claim for disgorgement and 2) whether Avco has carried its burden as to the existence of a fiduciary relationship and Ms. Turner's alleged breach. The Court permitted the Parties to submit supplemental briefing on these issues, and the matter is now ripe for review.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotations omitted). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). However, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings; instead, he must show where in the record

3

there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted); *see also* Fed. R. Civ. P. 56(c)(1)(A)-(B).

The filing of cross-motions does not change this analysis. *See Transportes Ferreos de Venezuela II CA v. NKK Corp.*, 239 F.3d 555, 560 (3d Cir. 2001). It "does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist." *Id.* (quotation omitted). Rather, "[w]hen confronted with cross-motions for summary judgment 'the court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard.'" *Canal Ins. Co. v. Underwriters at Lloyd's London*, 333 F. Supp. 2d 352, 353 n.1 (E.D. Pa. 2004), *aff'd*, 435 F.3d 431 (3d Cir. 2006).

**III.     ANALYSIS**

To prevail on its breach of fiduciary duty claim, Avco must prove the existence of a fiduciary relationship between it and Ms. Turner and that Ms. Turner breached that duty by negligently or intentionally failing to act in good faith and solely for Avco's benefit. *See Avco*, 2022 WL 2901015 at *1 (citing *Snyder v. Crusader Servicing Corp.*, 231 A.3d 20, 31 (Pa. Super. Ct. 2020)). There's no dispute that Ms. Turner owed Avco a fiduciary duty of loyalty because she served as Avco's lawyer. *See Dougherty v. Pepper Hamilton LLP*, 133 A.3d 792, 797 (Pa. Super. Ct. 2016). Instead, the question is whether she breached that duty.

An attorney breaches the duty of loyalty when she represents "a subsequent client whose interests are materially adverse to a former client in a matter substantially related to matters in which [she] represented the former client ...." *Maritrans GP Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1282 (Pa. 1992). The Pennsylvania Rules of Professional Conduct reflect the same standard: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client ....". Pa. R. Prof. Conduct 1.9(a) Determining whether an attorney has breached her duty of loyalty is a fact-intensive inquiry that "must be decided from case to case and depends on a number of factors." *Maritrans*, 602 A.2d at 1286.

A.  **Materially Adverse**

When Ms. Turner accepted her assignment in *Torres v. Honeywell, Inc., et al.*, Case No. CV2017-007542 (Ariz. Super. Ct. Maricopa Cty.), she represented clients whose interests were materially adverse to Avco's interests. Indeed, "[t]here is no situation more 'materially adverse' than when a lawyer's former client is in a suit against that lawyer's current client." *AgSaver LLC v. FMC Corp.*, No. 11-cv-997, 2011 WL 2274178, at *4 (E.D. Pa. June 9, 2011) (quote omitted). Such a situation "by definition includes materially adverse interests[,]" where a firm's former clients sued its current clients. *Imbesi v. Imbesi*, No. 01-cv-1259, 2001 WL 1352318, at *4 (E.D. Pa. Oct. 30, 2001).

5

The fact that the *Torres* court had dismissed Avco from the matter by the time plaintiffs engaged Ms. Turner does not change that fact. Ms. Turner's own clients were appealing that decision and were trying to drag Avco back into court. Because there was a realistic possibility that Avco could have come back into the case, a jury could determine that Avco's interests were materially adverse to the plaintiffs that Ms. Turner represented in *Torres*.

### B.     Substantially Related

"Matters are substantially related 'when an attorney might have acquired **confidential** information as counsel in one matter which is also relevant to the other matter.'" *In re Pittsburgh Corning Corp.*, 308 B.R. 716, 730 (Bankr. W.D. Pa. 2004) (quote omitted) (emphasis added). Assessing whether matters are substantially related "entails the determination of (1) whether the subject matter of the former and current representations are the same and (2) whether the attorney might have acquired **confidential** information related to the subject matter of the present action." *Id.* (emphasis added). Avco has not created a question of fact as to either prong of the inquiry.

*First*, Avco has not shown that the subject of Ms. Turner's work in the *Torres* matter was the same as the work that she did for Avco. Avco offers no evidence to dispute the fact that the *Torres* plaintiffs hired Ms. Turner for a limited purpose, to 1) prepare responses to Honeywell Inc.'s and Copper State Turbine Engine's *Daubert* motions, 2)

prepare *Daubert* motions against Honeywell and Copper State, 3) argue the various *Daubert* motions, and 4) cross-examine witnesses at an evidentiary hearing. Avco has not offered any evidence to tie Ms. Turner's limited engaged in the *Torres* matter to the work that she did for Avco. It did not cite to arguments that she made, work she did, or briefs that she filed to demonstrate a connection between the work that she did for Avco and the limited work that she did in the *Torres* matter.

It is not enough for Avco to say that Ms. Turner represented it in products liability cases like the *Torres* case to make the necessary showing. At a high enough level, everything is related. Avco has to draw some link between the actual subject of the work that Ms. Turner did in the *Torres* case to the subject of the work that she did for Avco in order to satisfy this element. For example, if Ms. Turner's work in the *Torres* action focused on arguments about experts' qualifications or the fit of their opinions to the case, then that would not be the same as the subject of the work that she did for Avco. Because Avco has not offered evidence to establish the subject matter of the work that Ms. Turner did or to draw a link to the work that she did for Avco, it has no evidence to satisfy this element.

The opinions of Avco's expert, Michael Kraft, do not change that fact. He opines that "in order to dispute the testimony of experts with respect to the cause of the accident [in *Torres*], an attorney necessarily must have, understand and use information and knowledge about the air/fuel delivery system for piston engines" and that Ms. Turner had

7

represented Avco in various matters that related to or involved an analysis of the air/fuel mixture in a piston engine. (ECF No. 77-11 at ¶¶ 27, 32.) That opinion is based on supposition, not fact. Nothing in Mr. Kraft's report, or in the record before the Court more generally, reveals the subject of any expert report in the *Torres* matter. Avco had all of that information, and it was incumbent upon it to come forward with that information to support its claim. It didn't, so the Court doesn't know whether and to what extent the work that Ms. Turner did in the *Torres* matter was related to the work she did for Avco.

*Second*, Avco has not shown that Ms. Turner used, relied on, or disclosed any of its confidential information in the course of her work in the *Torres* matter. Nor has it shown that Ms. Turner was likely to do so, given the nature of her representation. An attorney's duty of loyalty is "aimed at 'prevent[ing] even the potential that a former client's **confidences** and **secrets** may be used *against* him.'" *Zerger & Mauer LLP v. City of Greenwood*, 751 F.3d 928, 932 (8th Cir. 2014) (quote omitted) (emphasis added); *see also Realco Servs., Inc. v. Holt*, 479 F. Supp. 867, 871 (E.D. Pa. 1979) (rule is meant to prevent "the use of such **confidences** *[a]gainst* the original client" (emphasis added)). Avco has not shown that anything that Ms. Turner did in the *Torres* matter involved, or would likely have involved, any confidential information that she received from Avco. Nor has it shown that Ms. Turner was in a position to use that information *against* Avco.

Ms. Turner received confidential information while working as Avco's outside counsel, and she also learned about the air/fuel delivery system for piston engines during

the course of representing Avco in various product liability matters involving its piston engines. But without copies of the briefing, transcripts, or some other information about Ms. Turner's work in the *Torres* matter, the Court has no way to know whether she would have needed to draw upon Avco's confidential information over the course of that assignment. The duty of loyalty is meant to protect a former client's "facts and confidential information, not techniques of representation or negotiation." *Kaminski Bros. v. Detroit Diesel Allison, A Div. of Gen. Motors Corp.*, 638 F. Supp. 414, 417 (M.D. Pa. 1985). Because Avco has not presented any evidence that suggests that Ms. Turner drew upon, or even needed to draw upon, Avco's confidential information to challenge Honeywell's or Copper State's experts, it has not presented any factual disputes concerning this element of her claim. As a result, Avco cannot prevail on its claims for breach of a fiduciary duty and injunctive relief.

Avco's position amounts to an argument that all products liability matters involving piston engines are the same, and, therefore, Ms. Turner may not work on them on behalf of plaintiffs. This runs afoul of both the law in Pennsylvania and the spirit of Rule 1.9. *See Javorski v. Nationwide Mut. Ins. Co.*, No. 06-cv-1071, 2006 WL 3242112, at *7 (M.D. Pa. Nov. 6, 2006) (recognizing that to accept such a position "would be to bar any defense lawyer from changing practices to the plaintiff's bar") (quotation omitted); Pa. R. Prof. Conduct 1.9(a) cmt. 2 ("[A] lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a factually distinct

problem of that type even though the subsequent representation involves a position adverse to the prior client."). As such, the Court cannot adopt it.

## IV. CONCLUSION

Ms. Turner's relationship with Avco limited her ability to take on matters adverse to Avco, but it didn't prevent her from doing so for all time. Avco had the opportunity in discovery to find out what Ms. Turner did in the *Torres* matter and to link the work she did to confidential information she gained in the course of her work for Avco. Avco didn't do that, so its breach of fiduciary duty claim fails. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

November 28, 2022